FRANCIS SKINNER and others *v.* JAMES D. DAMERON and others.

Defendants in answer to an action on their promissory notes, alleged that they had entered into an agreement with the plaintiff, and their other creditors, by which a certain per cent on the amount of their debts was to be received as a full discharge thereof, averring a tender of that amount, and that they had been always ready to comply with the terms of the compromise, but that plaintiffs had since refused to accede thereto. Plaintiffs having moved for, and obtained a judgment for the per centage alleged to have been tendered, reserving their right to prosecute for the balance, and ordering the plaintiff to retain out of the per centage enough to defray the costs of the further proceedings should they result in favor of defendants, the latter, having been refused an appeal, moved for a mandamus to compel the allowance of one. *Held*, that defendants having admitted the debt to the amount for which judgment was rendered, and having averred a tender and their readiness to pay, cannot, under art. 567, of the Code of Practice, be allowed to appeal therefrom.

No particular form is necessary to a confession of judgment. Any admission of the debt sued for, which is such, that it leaves no issue to be tried, is, in fact, a confession of judgment. If the admission goes only to a part of the sum claimed, it is a confession *pro tanto ;* and there is no reason why the creditor should be delayed in the collection thereof, until a decision be had on the disputed portion.

APPLICATION for a *mandamus* to the Judge of the Commercial Court, *Watts*, J.

*Greiner*, for the applicants.

*Bradford*, contra.

MORPHY, J. This is an application for a *mandamus* to the Judge of the Commercial Court of New Orleans, commanding him to allow an appeal from a judgment rendered in the premises. From a transcript of the proceedings in the case sent up by the Judge, and made a part of his return, it appears, that the defendants, being sued on several promissory notes, amounting together to $3462 38, admitted their signatures and original liability thereon, but alleged, that they had entered into an agreement, or composition with their creditors, and, among others, with the plaintiffs, whereby they all agreed to receive sixty per cent on their claims, which per centage, when paid, was to be in full discharge of the same, and that the plaintiffs, who were parties to this arrangement, had agreed to surrender and give up the notes sued on; that after the other creditors had, in good faith, com-

plied with the terms of the agreement, and received the stipulated amount, the plaintiffs refused to accede thereto, thinking to obtain the full amount of their notes. The defendants averred moreover, that they had always been ready to comply with the agreement on their part, and had actually tendered to the plaintiffs the stipulated sum. The defendants further averred, that the notes sued on had been extinguished by novation, that they were in no manner liable thereon, and prayed to be dismissed with costs. Under this answer the plaintiffs moved for, and the Judge gave them a judgment for $2077 62, being sixty per cent on the amount of the notes sued on, reserving to the plaintiffs the right of prosecuting their claim for the balance, and ordering the Sheriff to retain in his hands $177 62, to defray the costs of the further proceedings, in case the final decision of the cause should be in favor of the defendants. The appeal prayed for, was, in our opinion, properly refused. Article 567 of the Code of Practice declares, that a party against whom judgment has been rendered cannot appeal, when such judgment has been confessed by him. The defendants in their answer, clearly admit their indebtedness to the aforesaid amount, which they aver their readiness to pay, and of which they allege, that they made a tender to the plaintiffs. We are not aware, that under our laws any particular form is required in confessing judgment. Any admission of the debt sued for, which is such, that it leaves no issue to be tried, is, in fact, a confession of judgment. If the admission goes only to a portion of the sum claimed, it is a confession of judgment for such portion; and we can see no good reason why the creditor should be delayed in the collection thereof, until a decision can be had on the disputed part of his claim. Such was the view taken of this matter, in the case of *Parsons and others* v. *Suares*, (9 La. 411,) and we have no cause to be dissatisfied with the opinion then expressed. In the present case, the rights of the defendants have been fully protected by the amount reserved to pay their costs, if the final decision of the cause shall be in their favor.

*Motion overruled.*