No. 2225.—A. B. James *v.* Fellowes & Co.—J. Hernandez, Appellant. | 23 37 |
| 52 66 |

A motion to dismiss an appeal which is founded on the want of a legal right to the appeal, may be made at any time. It is only such motions as go to the irregularity of bringing up the appeal, that must be made within three judicial days from the filing of the transcript in the appellate court.

After the appeal has been granted and the bond has been filed, the court *a qua* is without jurisdiction to examine whether the appellant has acquiesced in the judgment, and, therefore, not entitled to the appeal. In such a case, the appellate court being vested with jurisdiction of the appeal, and the court *a qua* being divested of jurisdiction over the case, the motion to dismiss, on the ground of acquiescence in the judgment, must be made in the appellate court, and if the fact of acquiescence do not appear in the record, the case will be remanded, with instructions to the judge *a quo* to take evidence on and try the question of acquiescence in the judgment appealed from.

APPEAL from the Sixth District Court for the parish of Orleans. *Cooley,* J. *P. H. Morgan,* for plaintiff and appellee. *Cooley & Phillips,* for J. Hernandez, defendant and appellant.

Howell, J. A motion is made to dismiss the appeal on the ground that the appellant has acquiesced in, and voluntarily executed, the judgment before appealing therefrom.

It is objected, *first,* that the motion was not made until long after the three days after the return day; *secondly,* there is no evidence before the court to prove any acquiescence, or ratification, or execution of the judgment appealed from; the evidence offered in the court

below, on a similar motion made in that court, was rejected and forms no part of the evidence in the case; *thirdly,* there was no legal judgment to satisfy or execute, the case having been tried and decided and the judgment signed in vacation; and, *fourthly,* the rule taken in the lower court to dismiss the appeal, on the same grounds as now urged, was dismissed, and that judgment is *res judicata.*

I.  We think the motion is in time, as it is not based on any informality or irregularity in taking and bringing up the appeal, but on the want of the legal right to appeal.  Article 567, C. P., declares that "the party against whom judgment has been rendered can not appeal, if such judgment have been confessed by him, or if he have acquiesced in the same by executing it voluntarily."  Here the right of appeal is positively denied, in case the judgment is voluntarily executed, and this fact may be brought to the notice of the court at any time.  It may occur, and has occurred, that, pending the appeal, the appellant executes the judgment against him, see 10 An. 643, in which event it would be impossible to make the motion within the three days after the return day, and yet the appellee would have the right, in the proper mode, to show the fact and obtain the dismissal of the appeal. A party should not, and by law can not, be heard to complain of a judgment, the correctness of which he admits by satisfying it.

II. and IV.  These objections seem to be somewhat inconsistent.  If the judge *a quo* refused to hear evidence on the fact of payment, his judgment, dismissing the motion based on that alleged fact, can scarcely be *res judicata* as to such fact.  Although we can not revise proceedings had after an appeal has been granted and perfected, we must presume from the objections which we are considering, that the judge refused the rule on the ground that he was without jurisdiction, which is true according to our jurisprudence, and hence the evidence could not be heard, and the judgment, dismissing the rule or motion, does not debar the plaintiff from urging his motion in this court, which alone can dismiss an appeal once vested here.  Upon the application made to the judge *a quo,* and with the facts before him, he did not err in granting an appeal to which the appellant was *prima facie* entitled; and, having granted it, this court, being vested with jurisdiction, could alone entertain the motion; but there is no such evidence before us as to enable us to act.  Having, however, no original jurisdiction, we must remand the case to try the issue raised by the motion.

III.  The third objection pertains to the merits, and can be examined only when the appeal is properly before us.

It is therefore ordered that this case be remanded to the lower court with instructions to the district judge to hear evidence on and try the question of acquiescence in the judgment, appealed from, by full or partial payment.