LAND, J.
 

 Plaintiff, as the holder and owner in due course of a promissory note for $7,500, subject to certain credits, instituted the present suit against Wheless, Garrison, and Wilson as indorsers in solido. This note was made by the Wheless-Wilson Auto Supply Company, with R. E. Wheless as president.
 

 Defendants Garrison and Wilson filed an answer, in which they admitted all of the allegations contained in plaintiff’s petition, except the allegation that plaintiff was the holder and owner of the note. These two defendants set up in their answer that they signed the said note purely for the accommodation of the said R. E. Wheless, and that he had specially agreed to protect them against payment, and guaranteed to them that he would pay the said note in full, and prayed, that Wheless be called in warranty, and for such judgment in their favor against him as might be rendered against them in the case.
 

 Wheless, in answer to the petition and call in warranty, filed an answer admitting all of the allegations of plaintiff’s petition, and set up in his answer a reconventional demand against each of the defendants Garrison and Wilson for the sum of $1,200, based upon the allegation that the note sued upon was executed by and for the benefit of the WhelessWilson Auto Supply Company, a corporation of which Garrison' and Wilson were stockholders ; that he (Wheless) did not receive any part of the sum represented by said note, the whole amount thereof having been received and expended by said corporation; and that he had paid on said note the sum of $3,600, for which defendants, as his coindorsers, were each liable for one-third.
 

 A judgment was rendered in the case in favor of plaintiff, S. G. Sample, on the note sued upon, the call in warranty of Garrison and Wilson against R. E. Wheless was rejected, and judgment in reconvention to call in warranty was rendered in favor of Wheless against Garrison and Wilson, each in the sum of $1,200.
 

 Defendants Garrison and Wilson have appealed suspensively from this judgment; i. e., both upon the “main demand,” and on the “call in warranty.”
 

 During the trial of the case in the court below, and while R. E. Wheless was being examined as a witness by counsel for Garrison and Wheless, the following admission was made in open court and duly entered upon the minutes:
 

 “By Mr. Levy: Counsel for Dr. Garrison and Mr. Frank E. Wilson waive all pleas of prescription, division, discussion,
 
 and admit that they are liable in solido on the note in so far as Mr. Sample is concerned.
 
 This; however, is not an admission in so far as Roger E. Wheless is concerned, and admit that prescription was interrupted.” (Italics ours.)
 

 
 *847
 
 Under this state of facts, as disclosed by the record, plaintiff appellee has filed a motion in this court to. dismiss the appeal of A. A. Garrison and Prank E. Wilson as to the “main demand,” or in so far as S. 0. .Sample, plaintiff and appellee, is concerned, on the ground that the above admission and waiver is a confession of judgment on the part of the defendants Garrison and Wilson, and that the defendant R. E. Wheless in his answer admitted all the allegations in plaintiff’s petition.
 

 1. In our opinion the motion is timely made and must prevail. It is true that the motion was lodged in this court more than three days after the transcript of the appeal, but said motion is not based upon any informality or irregularity in taking or bringing up the appeal, but on the, want of a legal right to appeal, as defendants have confessed judgment.
 

 A motion to dismiss an appeal which is founded on the want of a legal right to the appeal may be made at any time. James v. Fellowes, 23 La. Ann. 37; Mutual Life Insurance Co. v. Houchins et al., 52 La. Ann. 1137, 27 So. 657; Cockerham v. Bosley, 52 La. Ann. 65, 26 So. 814; Jackson v. Parish of Vernon, 150 La. 1057, 91 So. 509.
 

 2. Article 567 of the Code of Practice declares that—
 

 “The party against whom judgment has been rendered cannot appeal: jl. If such judgment have been confessed by him or if he have acquiesced in the same,, by executing it voluntarily.”
 

 In Skinner v. Dameron, 5 Rob. 447, the court said:
 

 “We are not aware that under our laws any particular form is required in confessing judgment. Any admission of the debt sued for, which is such that it leaves no issue to be tried, is, in fact, a confession of judgment.”
 

 See, also, Stewart v. Betzer, 20 La. Ann. 137 ; Parsons et al. v. Suares, 9 La. 411.
 

 It is patent that the admission in the record of counsel for the defendants Garrison and Wilson, and the admission of the allegations of plaintiff’s petition in the answer filed by the defendant Wheless, leaves no issue to be tried, as far as the debt sued for by plaintiff is concerned. |
 

 Defendants Garrison and Wilson admit through their counsel in open court that “they are liable in solido' in so far as Mr. Sample is concerned.” This clearly is a confession of judgment in favor of plaintiff. The admissions of the defendant Wheless In his answer, is likewise a confession of judgment.
 

 It is therefore ordered that the appeal in this case be dismissed as to the main demand, or in so far as S. G. Sample, plaintiff and appellee, is concerned, at the cost of appellants.
 

 O’NIELL, G. J., is of the opinion that, after Sample allowed the delay allowed for a' motion to dismiss the appeal to pass, his only right with regard ,to the admission made by appellants in the district court was to invoke the agreement as a cause why the judgment in Sample’s favor should be affirmed.