LAND, J.
 

 The plaintiff, S. G. Sample, instituted suit against the defendants, Wheless, Wilson, and Garrison, as indorsers in solido on a promissory note for $7,500, subject to, certain credits.
 

 Defendants admitted their liability in the lower court to plaintiff, as the holder and owner in due course of the note in question, but appealed to this court from the judgment rendered against them.
 

 Plaintiff, appellee, filed a motion to dismiss this appeal on the ground that defendants had confessed judgment, and the appeal was dismissed as to the main demand, or in so far as S. G. Sample is concerned. Sample v. Wheless et al., 159 La. 844, 106 So. 325.
 

 The defendants Wilson and Garrison, when sued on the note, set up in their answer that their codefendant, Wheless, had agreed to protect them as his coindorsers, and guaranteed to them that he would pay the note in full, and called Wheless in warranty.
 

 Wheless, in his answer to the call in warranty, denied the existence of the guaranty alleged by defendants, averred that the note sued upon was executed solely for the benefit of the Wheless-Wilson Auto Supply Company, of which defendants were stockholders, that plaintiff had paid on said note the sum of $3,600', for which defendants, as his coindorsers, were each liable to him for one-third, and prayed for judgment in reconvention for the sum of $1,200 against each of the defendants.
 

 The call in warranty of the defendants was rejected by the lower court, and judgment in reconvention was rendered in favor of Wheless and against defendants, as coindorsers, each in the sum of $1,200.
 

 Defendants have appealed, and the only questions now before the court are as to the correctness of the judgment, in so far as it affects the call in warranty of defendants, and the reeonventional demand of Wheless.
 

 The note sued upon was given by the Wheless-Wilson Auto Supply Company November 30, 1917, and is signed by said company through R. E. Wheless, president.
 

 At the date of the execution of this note, the officers of the Wheless-Wilson Auto Supply Company were: R. E. Wheiess, president; A. A. Garrison, treasurer; Frank E. Wilson, vice president and manager; and John Aiken, secretary.
 

 At the beginning, the defendant Wilson had $500 in stock, and later acquired additional stock to the amount of $1,000.
 

 The defendant Garrison owned $6,000, and the defendant Wheless $34,000, worth of stock.
 

 The note upon its face is an obligation or liability of the Wheless-Wilson Auto Supply Company.
 

 The two coindorsers are shown by the evidence to be officers and stockholders in that company.
 

 It is admitted by all parties that the proceeds of the note of $7,500, forming the basis
 
 *75
 
 of this suit, .were deposited on December 1, 1917,- to the account of the Wheless-Wilson Auto Supply Company, in the First National Bank of Shreveport, La.
 

 The uncontradicted testimony in the case is to the effect that all of this loan was used for the benefit of the company in buying goods for sale, and in taking up a $2,700 draft covering a shipment of automobiles.
 

 Wheless testified that the loan was contracted simply because more money was needed in the business.
 

 We are not impressed with the statements made by the other defendants that the money was borrowed by Wheless to buy stock from the company to sell to the employees in order to induce them to take more interest in the affairs of the company.
 

 As the Wheless-Wilson Auto Supply Company had an authorized capital stock of $75,-000, and had issued only about $50,000 in stock, it had unused treasury stock on hand to -the amount of $25,000. It was not necessary, therefore, to incur a debt of $7,500 for the purpose of buying stock from the company to be sold to the employees.
 

 ’ Wheless denies positively that he promised to protect either Garrison or Wilson as indorsers on this- note. We find no good or satisfactory reason why Wheless should have made such promise as to a debt due by the company and contracted solely for its benefit. It w7as clearly the idea of Wheless to make the company- pay its own obligations.
 

 That the defendants Wilson and Garrison, as between themselves, did not consider Wheless liable, personally and alone, for the payment of the $7,500 note, is clearly shown by the following state of facts:
 

 The Wheless-Wilson Auto Supply Company went into the hands of a receiver in the latter part of the year 1918, or early in 1919. The assets of this company were sold by the receiver and were purchased by Wheless, and the old company went out of existence.
 

 In May or June, 1920, the Wheless Auto Supply Company was organized, and stock of the new concern was issued to the defendants Garrison and Wilson, without payment upon their part.
 

 The board of directors of the new company was composed of the defendants Garrison and Wilson and Frank Jones, secretary. The question as to the payment of the old indebtedness of the former company was brought up and discussed in the board, and it was understood that, in issuing stock of the new company to the stockholders in the old, there would be no dividends paid until certain obligations of the Wheless-Wilson Auto Supply Company were paid.
 

 Among these obligations was’ included the Sample note of $7,500 sued upon in this case, and upon which it was agreed that a payment of $25 per week should be made.
 

 The Sample note is credited with numerous payments of $25 each, made during the years 1920 and 1921. This note is also credited with the sum of $3,600, representing the redemption of 36 shares of preferred stock of the Allen Manufacturing Company, delivered as collateral by Wheless to the Sample note.-
 

 The contention of defendants that Wheless was so magnanimous that he not only guaranteed to hold them harmless as coindorsers with him on the Sample note, a debt of the old company, hut that he also issued to them, as a gift, the stock of the new company, is not borne out by the true facts of the case, in our opinion.
 

 We find no error in the judgment appealed from.
 

 Since the appeal has been lodged in this court, the defendant Frank E. Wilson departed this life in the parish of Caddo on ■March 5, 1926.
 

 The proper representative of decedent is Ethel Wilson, a daughter and only child.
 

 As no tutorship proceedings had been filed in the district court for the parish of Caddo up to April 4, 1927, Allen Rendall, .Esq.,-, attorney at law, was appointed by that court
 
 *77
 
 curator ad hoc to represent the minor- in this suit, and was made party defendant and appellant by the order of this court of date April 8, 1927.
 

 Judgment affirmed.
 

 BRUNOT, J., takes no part.