## GREATER NEW ORLEANS HOMESTEAD ASSN. v. KORNER

___

(May 5, 1930. Opinion and Decree.)
(June 2, 1930. Rehearing Refused.)
(August 19, 1930. Writ of Certiorari and Review Granted by Supreme Court.)

___

J. D. Dresner and Monroe & Lemann, of New Orleans, attorneys for plaintiff, appellant.

John E. Jackson and Baldwin J. Allen, of New Orleans, attorneys for Jordy Bros. Slate Company.

## ON SECOND MOTION TO DISMISS

WESTERFIELD, J. On May 11, 1929, a motion to dismiss this appeal was filed on behalf of the Jordy Bros. Slate Company, appellee herein, upon the ground that the judgment appealed from had been consented to and acquiesced in. The motion was not filed within three days after the transcript had been lodged in this court or within three days of the time the cause was fixed for trial, and, upon the authority of Saxon v. Southwestern Brick & Tile Mfg. Co., 113 La. 637, 37 So. 540, we declined to consider the motion upon the ground that it had been filed too late. See Greater New Orleans Homestead Association v. Henry T. Korner, 11 La. App. 59, 123 So. 181.

On April 21, 1930, when the case was again called for trial, another motion to dismiss was made on behalf of the Jordy Bros. Slate Company upon the ground that the appellant, plaintiff herein, through its counsel, J. D. Dresner, had approved the judgment appealed from and consented thereto.

It is objected that this second motion to dismiss should not be considered as it is based upon the identical grounds set up in the former motion, which has heretofore been overruled by this court, and that appellee cannot revive the issue already decided against it. In other words, a second motion to dismiss an appeal based upon the same grounds may not be entertained. We are referred to Duncan v. Duncan, 29 La. Ann. 829, and Levy v. Levy et al., 107 La. 576, 32 So. 117. In the Levy case it was held that "the same grounds cannot form the basis of a second motion to dis-

miss the appeal." In the Duncan case the court said:

"The appellee can not be permitted thus to revive an issue already decided against him."

If it be conceded that the present motion is based upon the same grounds as that urged in the former motion which we denied, the authorities cited appear to apply to cases where the issue presented by the second motion to dismiss have been considered and determined. Here we declined to consider the motion for the reason that we believed it to have been filed too late under the authorities relied upon. It appears, however, that we were in error, and that, where a motion to dismiss is not based upon any informality or irregularity in the taking or bringing up of the appeal, but upon want of legal right to appeal, as is the case here, the rule announced in Saxon v. Southwestern Brick Co., 113 La. 637, 37 So. 540, does not apply, and the motion may be filed at any time. Sample v. Wheless et al., 159 La. 844, 106 So. 325.

The basis of the present motion to dismiss is the alleged acquiescence by the appellant, the Greater New Orleans Homestead Association, in the judgment appealed from. Article 567 of the Code of Practice declares:

"The party against whom judgment has been rendered cannot appeal. 1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily."

In Skinner v. Dameron, 5 Rob. 447, cited with approval in Sample v. Wheless et al., supra, the court said:

"We are not aware, that under our laws any particular form is required in confessing judgment. Any admission of the debt sued for, which is such, that it leaves no issue to be tried, is, in fact, a confession of judgment."

In the present appeal the Greater New Orleans Homestead Association complains of a judgment rendered in a concursus proceeding whereupon the claim of the Jordy Bros. Slate Company has been recognized as enjoying priority to that of the appellant. When the case was called for trial in the lower court, the issue having been presented by a rule taken by the civil sheriff through his attorney, the late W. O. Hart, to rank the claim of creditors and distribute certain proceeds in his hands, all parties being represented by counsel including the present appellant, the following admission was dictated in the record:

"It is admitted that the amount due Jordy Bros. Slate Company is only 40% of the amount shown on the records in the mortgage office, 60% thereof having been paid."

Counsel for Jordy Bros. Slate Company, believing that the amount and rank of its claim had been consented to and agreed upon, presented no further proof in support of it, and the court, evidently being of the same opinion, rendered judgment accordingly, in the sum of $109.38, that amount being 40 per cent of its recorded lien, whereupon this appeal was taken. It seems clear to us that it was the intention of counsel to consent to, and that the effect of his admission was to establish his acquiescence in, the judgment which was rendered below. We cannot ascribe any other reason for the admission, which is unequivocal and unqualified.

We are of the opinion that the motion to dismiss the appeal may properly be considered by us, and that it should be maintained.

For the reasons assigned, the motion to dismiss the appeal is maintained, and this appeal dismissed.

Motion to dismiss sustained.