## CAHOW v. HUGHES.*

### No. 1637.

Court of Appeal of Louisiana. First Circuit.

Oct. 7, 1936.

Robt. S. Ellis, of Amite, for appellant.

Mat J. Allen, of Amite, for appellee.

DORE, Judge.

On February 18, 1930, the plaintiff conveyed to the defendant by regular notarial act her undivided half interest in 40 acres of land situated in the parish of Tangipahoa, with improvements thereon, for the consideration of $800, represented by eleven notes of defendant, payable annually on the 18th day of March, beginning March 18, 1931, the first ten notes being for $75 each and the last note being for $50, which notes provided for interest at eight per cent. per annum from March 18, 1930, until paid. It was also provided in said deed that Mrs. Cahow was to have the possession and use of two rooms in the dwelling house situated on the property conveyed until the eleven notes were paid. The deed was duly recorded in the conveyance records of Tangipahoa parish.

On September 29, 1931, Mrs. Cahow filed this suit against defendant to have said sale set aside and the property restored to her. She alleges in her petition that said credit sale was in reality a donation in disguise, that immediately after the passage of said act of sale she delivered the notes to the defendant and that no consideration was paid for the property. She alleges further that said donation in disguise was a nullity, for the reasons that it divested her of all of her property, without reserving for herself enough for her own subsistence.

She further alleges that in case the court finds that the said donation is valid and did not divest her of all of her property, then and in that event, she avers that said donation should be set aside for ingratitude and the failure on the part of defendant to take care of her as he and his wife had agreed to do in consideration of the donation of the property to them. Further pleading in the alternative, plaintiff averred that, if the court should hold that the transfer of the property was a sale and not a donation, she then asks that the sale be rescinded and set aside for nonpayment of the purchase price represented by said notes.

*Rehearing granted Nov. 7, 1936.

After filing a plea of estoppel, an exception of no cause of action, and an exception of improper cumulation of actions, defendant answered, in effect, alleging that said sale was a bona fide sale and the consideration expressed in the deed was paid.

Plaintiff died pending the suit, and her daughter, Mrs. Grace Barker, was recognized as her sole forced heir and substituted as plaintiff in the case. Judgment was rendered in November, 1935, dismissing the suit of plaintiff. From that judgment, the substituted plaintiff has appealed.

The first ground of attack made by plaintiff on the transfer of the property by her to the defendant is that the transaction was a donation in disguise in which she divested herself of all of her property, not retaining a sufficient amount for her subsistence, which rendered the donation null and void under the provisions of article 1497 of the Civil Code.

 Objection was made to the introduction of evidence attempting to show that the act of sale was in fact a donation in disguise. The plaintiff did not allege facts tending to show fraud, mistake, or error practiced by defendant on her and which induced her to make the deed of her interest in the property in consideration of $800 re-represented by the notes. The deed which plaintiff annexes to her petition shows on its face that it is a regular sale for a valid consideration. She acknowledges receipt therein of the mortgage notes representing the purchase price. She does not allege facts wherein it would appear that she signed the deed and acknowledged receipt of the consideration through any fraud practiced on her by defendant. True, she does make a general allegation in one part of her petition that all of the acts of defendant in reference to the matters set out in the petition constitute deception, ingratitude, and fraud on his part, but she sets out no acts of fraud on the part of defendant whereby she could prove that in the signing of said deed she was misled, deceived, or defrauded in so doing. In the absence of facts showing fraud, mistake, or error, a party to a notarial act cannot prove that the act is different from what it purports to be nor deny the acknowledgments and declarations made therein. Civ.Code, arts. 2236 and 2276; Massey v. James, 155 La. 977, 99 So. 718; Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744.

Under the allegations of the petition, the plaintiff could not show by parol evidence that the deed, regular on its face, was in fact a donation. Of course, if the deed itself and the petition had shown that the consideration of the transfer was the agreement on the part of defendant to take care of her for the remainder of her life, she would have been in position to plead and prove that the act was a donation of all of her property, and therefore void under the provisions of article 1497 of the Civil Code. Rocques v. Freeman, 125 La. 60, 51 So. 68; Jaco v. Jaco, 129 La. 621, 56 So. 615; Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400.

According to the petition and deed, the act of transfer had the effect of transferring to the defendant title to a half interest in the land and investing the plaintiff with title to the eleven notes representing the purchase price. There could therefore be no donation by plaintiff of her half interest in the land, as she received in return therefor $800 worth of mortgage notes, which, so far as the record shows, were worth as much as her interest in the land. On the execution of the deed she had the same amount and value of property as she did before, the only difference being that before the sale her property consisted of an interest in the land, whereas after the sale it consisted of the $800 in mortgage notes. Therefore, under no construction of the pleadings can it be held that by the act of transfer she divested herself of all of her property.

 As the act of transfer cannot be construed as a donation, it follows that the act cannot be revoked for ingratitude or failure to perform the conditions under which it is claimed that the donation was made. As already stated, it does not appear from the deed which plaintiff and defendant signed that the transfer was made in consideration of defendant and his wife taking care of plaintiff for the rest of her life. On the contrary, the deed shows that it was made in consideration of defendant paying $75 and interest to plaintiff for ten years, and $50 and interest for the eleventh year. The fact that there might have been an understanding that defendant was to pay the notes and interest thereon by rendering services

in taking care of plaintiff would not have the effect of changing the transaction from a sale to a donation.

The most serious question in the case is presented in the alternative plea of plaintiff to the effect that, if the transaction is held to be a sale, plaintiff asks that the sale be rescinded for nonpayment of the purchase price. It appears from the pleadings and from the evidence that shortly after the act of sale was passed the plaintiff surrendered the eleven notes marked paid to the defendant. In his answer defendant says that the notes were surrendered as a payment in full, but, if the Court should hold that the surrender of said notes was not a payment in full, then it was a remission of the balance of the debt by plaintiff; and, further, if the court should hold that the surrender of the notes was not a payment in full nor a remission of the debt, then it was a manual gift of the notes.

The defendant testifies that about three weeks after the deed was passed plaintiff voluntarily surrendered the notes to him for what he and his wife had done for her. He admits that he paid her no cash money for the notes. Whatever amount was paid on the notes when they were surrendered was the value of services rendered plaintiff up to that time. Any difference in the value of these services and the amount of the notes was remitted or donated.

▮ Plaintiff is not asking to have her remission or donation of the notes set aside and the notes returned to her and her mortgage on the property restored. It is doubtful if, under her pleadings, the court could rescind the sale for nonpayment of the price. The evidence shows that defendant did render some services to the plaintiff, even though these services were not equal in value to the notes surrendered by plaintiff. Article 2561 of the Civil Code gives the vendor the right to rescind the sale if the purchaser does not pay the price. Plaintiff is not in a position to invoke this article against the defendant, for the reason that defendant does not owe the price, as the plaintiff either remitted or donated the balance of the price over and above the services rendered her. In order for the vendor to be in a position to dissolve the sale for nonpayment of the price, the situation must be such as to put both parties in the same position as they were before the

sale. If the sale should be dissolved and the interest in the land thereby restored to the vendor or her heir, defendant would not be in the same situation as he was before the sale, as he evidently rendered some services to plaintiff. At the time of this suit only one of the notes had matured, and even now there would still remain five notes unmatured. There is no acceleration clause in the act of sale.

If the remission or donation of the notes by plaintiff was not binding on her, she should have levelled her attack against her act in making the remission or donation of the notes rather than an attack on the sale of the property as evidenced by the notarial act regular on its face.

The judgment of the lower court is therefore affirmed.