## CAHOW v. HUGHES.
### No. 1699.

Court of Appeal of Louisiana. First Circuit.
April 10, 1937.

472

For former opinion, see 169 So. 801.

Robt. S. Ellis, of Amite, for appellant.

Ponder & Ponder, of Amite, for appellee.

LE BLANC, Judge.

#### On Motion to Dismiss Appeal

After a rehearing had been granted herein, present counsel for the defendant-appellee filed a motion to dismiss the appeal on the ground that the transcript of appeal had been tardily lodged in this court and therefore we were without right to further entertain the cause.

Counsel in support of their motion cite the case of Filiberto v. Evans, 9 La. App. 104, 118 So. 844, 845, wherein the court stated that "a motion to dismiss the appeal for failure to file the transcript in time may be made at any time." That could hardly be interpreted, however, to mean that the appellee is still within his rights to file such a motion after the case has been argued, submitted, and decided on one hearing in the appellate court and is pending on rehearing. The appellee's appearance in the first instance, it seems to us, has to be construed as a waiver of the lack of observance of the formality now complained of.

Besides, in view of the decisions of the Supreme Court on the question of the timely filing of such a motion, we doubt that the rule was properly applied in the cited case. The decisions we have reference to indicate that the rule under which it is permissible to file a motion to dismiss the appeal at any time applies to those cases only where such motion is based on the want of the legal right to appeal and not when founded on any informality or irregularity in bringing up the appeal. See Sample v. Wheless et al., 159 La. 844, 106 So. 325, and cases therein cited. In the earliest of these cases, James v. Fellowes & Co., 23 La.Ann. 37, the distinction is clearly drawn as appears from the following syllabus which correctly reflects the holding of the court:

"A motion to dismiss an appeal which is founded on the want of a legal right to the appeal, may be made at any time. It is only such motions as go to the irregularity of bringing up the appeal, that must be made within three judicial days from the filing of the transcript in the appellate court."

Over and above all this, it is our recollection that when this case was originally submitted, counsel then representing the appellee, who has since departed this life, specifically waived the irregularity on which the motion to dismiss the appeal is now presented.

For the various reasons stated, the motion is overruled.

#### On the Merits.

The case was fully stated in the original opinion herein handed down by the court (169 So. 801). The earnestness with which the application was pressed prompted us to grant the rehearing. We were told what a grave injustice would be done the substituted plaintiff in the case if our judgment

were allowed to stand, and as it is the duty of courts to do justice instead of injustice, we thought it best to have the whole matter argued over and review the record once more. Nothing new has been added in the way of argument save perhaps that the question of the admissibility of parole testimony concerning the sale of the property by the plaintiff's mother to the defendant has been stressed a bit more forcibly than on the original hearing.

In the original opinion (169 So. 801, 802) we stated that, "under the allegations of the petition, the plaintiff could not show by parol evidence that the deed, * * * was in fact a donation. Of course, if the deed itself and the petition had shown that the consideration of the transfer was the agreement on the part of defendant to take care of her for the remainder of her life, she would have been in position to plead and prove that the act was a donation of all of her property, and therefore void under the provisions of article 1497 of the Civil Code." Decisions of the Supreme Court were cited in support of that statement. In reviewing the question as to the introduction of parole evidence in cases of this character, we find a decision of the Court of Appeal for the Second Circuit, Armand v. Armand, 8 La.App. 810, where the issue was discussed quite at length, and that court, following the general rule that parole proof is admissible wherever the contract sought to be set aside is one which was alleged to be in fraudem legis, reversed the judgment of the lower court which had refused to consider such testimony. It appears that the sale which was the subject of attack, was an authentic act of sale of the property conveyed for an express consideration of $300 cash, and whilst it is true that in stating the case, the court mentioned that plaintiff's petition alleged in substance that in consideration of the transfer, defendant had promised to contribute to the support of the plaintiff and his wife, the decision on the question of the admissibility of parole testimony did not depend on this last allegation. The court seems rather to have based its ruling, that parole proof was admissible, on the general proposition that "the allegation that the transaction was in reality a donation by which plaintiff had divested himself of all of his property," was "in its legal conclusion, an allegation that the transaction was in fraudem legis, in view of Article 1497, C. C." In support of its ruling, the court cited Lazare v. Jacques, 15 La.Ann. 599, in which the Supreme Court held that "parol evidence is admissible whenever the obligation is one contracted in fraudem legis; and that it is immaterial what form may have been given to the reprobated contract." That may be interpreted as meaning that in any case in which the contract that is assailed is one said to come under the ban of any prohibitory law, and allegations are made to that effect, even in substance, all the surrounding circumstances may be investigated, and that being so, parole proof was properly admitted in the case before us.

We must say that the district judge was very liberal in his ruling permitting the introduction of such proof, and, even so, apparently rejected it after having considered it, as he rendered judgment against the plaintiff.

We too think that it falls short of supporting the charge that the authentic act of sale which is attacked was executed as a mere subterfuge to disguise a donation by the plaintiff's mother of the real estate therein conveyed to the defendant. On the contrary, the proof is that plaintiff's mother wanted more for the property than defendant was willing to pay, and it was after an hour's discussion as to the price, that instead of insisting on her price of $900 she finally agreed to one of $800 and the use of a certain room in the dwelling house. Defendant's testimony on this point is fully corroborated by that of the notary before whom the act was passed. The whole matter was attended to in the office of M. J. Allen, the deceased attorney already referred to, who was advising the parties because of the very provisions of the law now being invoked to set aside the act of sale and the notary appears to have been unusually careful in ascertaining that the transaction was not the one reprobated by that law. The consideration of $800 in the form of vendor's lien and privilege notes, as expressed in the deed, was ample to support a sale of the property involved. The vendee received those notes which were payable over a period of eleven years, and, as it is shown besides that she received a monthly pension of $40, she can hardly be said not to have reserved enough for her subsistence.

What we have stated is what the record shows took place at the time of the sale of her property by plaintiff's mother to the defendant. In our opinion, there was nothing done in violation of the prohibition con-

474

tained in article 1497 of the Revised Civil Code. And yet, that is the only transaction which is the subject of the attack in this suit. The prayer of the petition in its main as well as its alternative demands is aimed at some relief with regard to that sale only. There are allegations with respect to what transpired some· weeks after the sale when the plaintiff's mother remitted the whole of the purchase price of the property represented by the notes to the defendant by canceling the same and turning them over to him. But that is not the transaction complained of and no relief is sought therefrom. And yet, as suggested in our original opinion, if plaintiff has any redress whatever, we think that it arises out of that transaction alone. What form her cause of action should take is, of course, a matter for her to decide provided she has any.

Our reconsideration of the case has not caused us to change our original opinion and the conclusion therein reached and it is for the reasons now ordered that the decree as therein handed down be reinstated and made the final judgment of this court.