This court previously denied a motion of plaintiff-appellee to dismiss the appeal of defendants from a judgment taxing the amount of court costs to be paid by them. See 37 So.2d 61.
Appellee has filed a second motion to dismiss the appeal, which is now before us. The basis of the present motion to dismiss is that defendants confessed or acquiesced in the judgment, and that they therefore had no right of appeal.
Article 567, Code Practice declares:
"The party against whom judgment has been rendered can not appeal:
"1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily.
"2. If he has suffered the time prescribed by law for appealing to elapse."
When the matter was called for trial in the lower court, the issue of the amount of the costs to be taxed having been presented by a rule taken by plaintiff, the following admission was dictated into the record by appellants' counsel: "It is admitted that the total cost expended by the plaintiff in these proceedings is $61.30."
The trial court then remarked: "The rule will be made absolute, fixing the amount of cost covered by the prior judgment at the amount stipulated. Since the judgment already provided for costs and condemned the defendant to pay the cost, and the judgment is final, this court cannot change the judgment whether it is right or wrong."
The original judgment which condemned defendants to liability for costs is now executory, defendants having prosecuted only a devolutive appeal therefrom. The motion to dismiss presents no other issue save and except the question whether counsel's quoted admission in the lower court constitutes a confession of judgment. We think it does. The admission of the amount of the costs due was unequivocal and unqualified. Plaintiff produced no proof and relied upon the admission, and the court, evidently being of the opinion that $61.30 was the correct amount of the costs, rendered judgment on the rule accordingly.
In Skinner v. Dameron, 5 Rob. 447, cited with approval in Sample v. Wheless, 159 La. 844, 106 So. 325, 326, the Supreme Court said: "We are not aware that under our laws any particular form is required in confessing judgment. Any admission of the debt sued for, which is such that it leaves no issue to be tried, is, in fact, a confession of judgment."
See also Greater New Orleans Homestead Ass'n v. Korner, 14 La. App. 282, 128 So. 49.
A motion to dismiss an appeal, grounded on the want of a legal right to *Page 609 
the appeal, may be made at any time. Sample v. Wheless, supra, and cases therein cited.
The motion to dismiss is sustained, and appellants' appeal from the judgment taxing costs is dismissed.
Motion sustained.