I-f AWTHORNE, Justice.
Plaintiff instituted this suit for an accounting against the defendant Cyclone Fence Company (now United States Steel Corporation), alleging that under a contract of distributorship which existed between it and the defendant there was due to it, among other things, commissions which had not been paid, and that the defendant had failed to give it proper credit for materials which were defective, inferior, and unsuitable. After answering the defendant reconvened praying for judgment against the plaintiff in the sum of $14,250.66 for goods which it alleged it had sold and delivered to the plaintiff under the contract of distributorship and for which it had not been paid. After trial on the merits the district court rendered judgment in favor of the plaintiff J. R. Quaid, Inc., for $42,223.85. There was also judgment in favor of the defendant United States Steel Corporation on its reconventional demand for $13,496.06. *401 Both parties appealed suspensively to this court.
Defendant has filed in this court a motion to dismiss the appeal taken by plaintiff, contending that the judgment for $13,496.06 in defendant’s favor rendered on its reconventional demand has been confessed by plaintiff, and that accordingly the appeal of plaintiff should be dismissed under Article 567 of the Louisiana Code of Practice. That article provides:
“The party against whom judgment has been rendered can not appeal:
“1. If such judgment have been confessed by him * *
During the trial of the case in the lower court the attorney for plaintiff dictated into the record the following statement:
“I would like to dictate an admission by me in the record, or admission on the part of J. R. Quaid, Inc., with the reservation immediately hereinafter stated: J. R. Quaid, Inc. admits that the following amounts which appear on the statement attached to defendant’s answer are correct. The amounts are: March 31, 1949, $1,032.-57, March 31, 1949, $3,257.10 — with regard to the item of April 14, 1949 in the sum of $127.86 Quaid does not admit the correctness of that item, but finds that the accounting in regard to that item is too complicated and therefore, in the interest of saving time, will admit the amount of $127.86; July 19, 1949, $102.03, July 19, 1949, $3,413.-02, July 19, 1949, $3,724.87, July 19, 1949, $1,136.52, July 27, 1949, $306.36, September 15, 1949, $914.75.
“Plaintiff-Quaid also admits that it is entitled to a credit of $519.02 as shown by the credit memorandum of date September 27, 1949.
“Quaid does not admit the correctness of the first item on the account, namely the item of February 9, 1948 in the sum of $754.60.
“By this admission plaintiff-Quaid does not want to be construed as admitting that shipments were not delayed; that some of the materials covered by these items were not defective; that some of the material did not fit and therefore could not be made into an entire composite fence; that the material was unsuitable [suitable] for the construction of fences, and other and similar circumstances. In other words, we admit the amount but we think the material was defective and that it is too difficult at this time to allocate this amount to this and we do that for the purpose of saving time.”
The total of the amounts admitted by plaintiff to be correct corresponds with the amount of the judgment rendered in the defendant’s favor, and it is the contention of the defendant United States Steel Corporation that this admission on the part of plaintiff’s counsel amounts to a confession of judgment which precludes appeal under the provisions of Article 567 of the Code of Practice.
*403 Under the jurisprudence of this court there is no particular form required for the confession mentioned in that article. The admission or confession, however, must be such that it leaves no issue to be tried, and for this court to dismiss the appeal the confession must be actually or substantially unconditional. Skinner v. Dameron, 5 Rob. 447; Stewart v. Betzer, 20 La.Ann. 137; Sample v. Wheless, 159 La. 844, 106 So. 325; State ex rel. Le Conte v. Judge Fourth District Court, 1 McGloin 11.
Although plaintiffs counsel in the instant case admitted that the amounts which appeared on the statement attached to defendant’s answer were correct, this admission was made with the clear reservation that the plaintiff did not concede that ■the materials covered by these items were -not defective or unsuitable. This reservation was in line with the allegation in plaintiff’s petition that it was entitled to credits ■for certain materials which were unsuitable or defective. Even though the amounts shown in the statement were admitted to be correct, plaintiff did not concede or even intimate that it was not entitled to the credits claimed. Because this admission was made with a reservation and for the sole purpose of admitting that the amounts shown on the statement were correct, it cannot be said that it leaves no issue to be tried or that it is actually or substantially unconditional.
To us there is no doubt that the statement of plaintiff’s counsel is not a confession of judgment which would bar 'its appeal. But, if there were any doubt, that doubt should be resolved in favor of the plaintiff-appellant. An appeal is a remedy that is favored in law and is an important right which should never be denied unless its forfeiture or abandonment is conclusively shown. Thus in case of doubt an appeal should always be allowed rather than denied. Jackson v. Michie, 33 La.Ann. 723; Texas Creosoting Co. v. Midland Const. Co., 177 La. 18, 147 So. 366.
In support of its motion to dismiss plaintiff’s appeal defendant cites and relics on the cases of Succession of Mausberg, 37 La.Ann. 126; Sample v. Wheless, supra, and Hewitt, Heran & Co. v. Stewart’s Ex’r, 11 La.Ann. 100. In each of them the alleged confession of judgment left no issue to be tried and was actually or substantially unconditional. They areffhus easily differentiated from the case presently under consideration.
For the reasons assigned the motion to dismiss is denied; costs of this proceeding are to be paid by the defendant.