BOUTALL, Judge.
These two consolidated cases come before us on motions to dismiss the appeal and the merits of the appeal.
George W. Davis was a pipe fitter and welder by trade who contracted lung cancer and became disabled. He and his wife filed suits, one against Hooker Chemical & Plastic Corporation and Occidental Chemical Company in tort, contending that they negligently exposed him to various chemicals and asbestos which caused his condition, and the other suit in Workman’s Compensation against his employers Newtron, Inc. and Dravo Corporation, alleging that he was forced to inhale and be exposed to these noxious substances during the course and scope of his employment on the premises of Hooker and Occidental. Davis subsequently died, and his surviving spouse Betty Davis, individually and as tutrix of their six children, was substituted as plaintiff. A subsequent amendment added the children.
After numerous procedural issues of preliminary nature were disposed of, the matter came on for jury trial on the merits.
On the first day of trial, the jury was selected and a number of witnesses were called by plaintiff and the trial continued *804 until the next morning. On that day some additional witnesses were called by plaintiff, however Dr. Martin Brown, plaintiff’s expert medical witness, did not appear for court although subpoenaed. After a recess was held and there was discussion amongst the parties, a settlement was agreed upon including all of the plaintiffs and all of the defendants in these cases, and upon the court resuming sitting, the parties stipulated that they had discussed the matter and would stipulate that the settlement of all claims of all of the plaintiffs will be entered and that both the tort suit, which was then at trial, and the workman’s compensation suit will be dismissed in connection with the settlement. It was further noted that the settlement could not be completed at that time because of the minority of the children. The trial judge subsequently signed a judgment in accordance with the stipulation, and no issue is made that the items contained therein are incorrect.
Instead this appeal comes about as follows: Several hours after the parties had concluded the stipulation and the jury was dismissed, Dr. Brown appeared at court looking for the trial in which he was to testify. Upon being notified of this fact, the attorney for plaintiffs, who relates that one of the main reasons causing him to settle was Dr. Brown’s absence, felt that his client’s interest would be better served by setting aside the agreement to settle, filed a motion to strike the agreement from the record and to re-open the trial to admit medical expert testimony, and/or a motion for a new trial. This motion was filed several days later on November 2, 1979 and denied by the trial judge on that date. On November 12, the plaintiff’s attorney filed a motion for appeal “from the judgment rendered in the Motion for a New Trial, et al.” The trial judge granted a devolutive appeal on November 15. It should be noted that also on November 12, the trial judge signed the judgment of dismissal in accordance with the compromise and settlement.
In this court, a motion to dismiss the appeal was filed based on the fact that there was no appeal available from a motion for a new trial and also that the motion for appeal had been filed prior to the rendition of judgment on the merits. In response to this motion to dismiss, counsel for plaintiff then filed a new motion for appeal from the judgment on the merits of November 12, as well as denial of the motion for a new trial. This was filed on March 3, 1980 and signed by the judge on March 4. In response, the appellee has filed a new motion to dismiss that appeal, as coming too late, being more than 100 days from date of signing judgment. Because we felt that these motions were deeply involved with the merits of appeal which had been docketed for hearing by that time, we referred the motions to the merits to be considered along with argument on the merits.
In considering these motions, we note that on the face of the record, the second appeal appears to come too late. The first appeal, however, is more than simply an appeal from a motion for a new trial. That motion is directed to the validity of the compromise agreement and seeks to have it set aside. We refer to Code of Civil Procedure Article 2085 which provides certain limitations on appeal: “An appeal cannot be taken by a party who confessed to judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.”
Therefore, unless plaintiff is able to show some reason why the stipulation should not be considered as a confession of judgment and binding on the parties, he is foreclosed from appealing and he has no other right of recovery. The motion filed constitutes a direct attack upon the validity of the stipulation, and in that sense could validly be considered either as a final judgment, or an interlocutory judgment which causes irreparable harm, i. e., loss of appellate rights as well as any other right of recovery. Accordingly, we consider the matter to be inextricably bound with the merits of the validity of the confession of judgment.
The only reason afforded us for the invalidity of that confession of judgment is that the attorney would not have settled had he *805 known that Dr. Brown would appear to testify. While we concede that the attorney was faced with a difficult choice, we do not consider this sufficient reason to negate the requirement of voluntarily and unconditionally acquiescing in the judgment rendered. Indeed, considering the evidence that had been produced up to that time, we conjecture that the settlement, which was undoubtedly entered into for the benefit of plaintiffs, may very well have been the best choice under the circumstances.
We conclude that this case is controlled by the principles announced in the case of Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979). We quote from page 502:
“[1,2] A confession of judgment precluding an appeal need not be in writing or in a particular form. It must, however, consist of an admission by a party in the proceedings in the trial court of the validity of his opponent’s claim in such a way as to leave no issue to be tried. La.C.C.P. art. 2085, Comments (b) and (c). Quaid v. Cyclone Fence Co., 226 La. 398, 76 So.2d 409 (1954). An in-court confession of judgment precludes an appeal under the code because it is made under the eye of the court and therefore without force or pressure. An extrajudicial confession, on the other hand, does not have this effect because it is not made under the court’s protection. La.C.C.P. art. 2085, Comment (b).”
In accordance with those principles, we hold that the agreement then stipulated constitutes a confession of judgment under La.C.C.P. art. 2085 and accordingly the appeal should be dismissed. See Singleton v. Bunge Corporation, 364 So.2d 1321 (La.App. 4th Cir. 1978).
For the reasons above assigned, the appeal is dismissed in both of these consolidated matters.

APPEAL DISMISSED.