DENNIS, Justice,
dissenting.
I respectfully dissent.
The majority notes the specific requisites of La.R.S. 23:1272, but fails to note its obvious purpose: to protect the injured employee in the context of non-adversarial, in-chambers approval by the court of compromise agreements. “[Jjudgement approving lump sum settlement or compromise need not be signed in open court. As a practical matter, such approval is rarely if ever rendered in open court.” Malone & Johnson, 14 Louisiana Civil Law Treatise, Workers’ Compensation (2d ed.), § 387, p. 269, n. 79. This case presents the rare exception of approval in open court, undoubtedly due ■ to the parties having only reached compromise on the day set for trial. However, the plaintiff was represented by counsel, and the record reflects that the judge discussed ■ the compromise with her. Yet the majority allows the plaintiff to evade her compromise for the unconvincing reason that this eleventh hour agreement was not reduced to a verified petition before presentation to the court for approval. Under these circumstances, a worker compensation claimant’s in-court, oral admission or confession of the correctness of his opponent’s position, such that no issue is left to be tried, should be treated no differently than that of any other litigant. La. C.C.P. art. 2085; Quaid v. Cyclone Fence Co., 226 La. 398, 76 So.2d 409 (1954).