JASPER E. JONES, Judge.
This litigation commenced when LRH, Inc. sued Della Tiller for damages for breach of contract. Della Tiller appeals a judgment based upon a compromise which the parties agreed upon for the purpose of settling the initial lawsuit just prior to the trial of the case. LRH, Inc. filed a motion to dismiss the appeal. It contends the appellant confessed judgment by signing the compromise agreement and forfeited her right to appeal under LSA-C.C.P. art. 2085.[1] Consideration of the motion to dismiss the appeal was deferred until the case was considered on the merits.
The assignments of error urged by appellant present two issues for decision:[2]
1.) did appellant judicially confess the judgment below and thereby forfeit her right to appeal by entering into a pre-trial compromise agreement;
2.) did the trial court err in awarding plaintiff judgment in the amount of $6,385.89 as provided for in the compromise agreement.
The Facts
The parties entered into a contract wherein appellant agreed to furnish and decorate two model apartments and an apartment clubhouse owned by plaintiff. Plaintiff alleged appellant breached the contract by overcharging plaintiff for several items and by failing to deliver certain items which were paid for by plaintiff. The plaintiff alleged it was charged $3,003.00 for furnishings which were never delivered and charged $6,500.00 for furnishings delivered above the price appellant agreed to charge for the furniture.
Prior to trial the parties entered into a “Compromise and Settlement Agreement” in an effort to avoid litigation and settle their claims. By the terms of the compromise appellant agreed to pay plaintiff the sum of $5,000.00, $2,500.00 of which was paid contemporaneous with the execution of the agreement, and the remaining $2,500.00 was to be paid on or before November 30, 1984 and was represented by a promissory note. The agreement further provided that the failure to timely pay the promissory note would result in entry of judgment in favor of plaintiff and against appellant in the sum of $8,885.89, plus court costs and interest at 18% per annum, less the $2,500.00 paid by appellant contemporaneous with the execution of the agreement. In the event appellant breached the compromise agreement the sum plaintiff would be entitled to receive from the appellant under the compromise was only $617.11 less than it initially alleged was owed to it in the breach of contract action.
Appellant failed to timely pay the promissory note and plaintiff moved for judgment based upon the compromise agreement. The trial court rendered judgment in favor of plaintiff and against appellant in the sum of $6,385.89 plus interest at 18% per annum as per the agreement.
Appellant perfected this appeal and plaintiffs motion to dismiss followed.
Issue # 1 — Motion to Dismiss the Appeal
Plaintiff contends the compromise and settlement agreement is a judicial confes *632 sion of judgment. It supports this contention by pointing out it was entered into during the pendency of the lawsuit and was signed by all parties and their respective counsel and that plaintiff advised the trial court that the case had been settled in order to remove the case from the trial docket. It further contends the compromise was presented to the court as an additional reason why the compromise agreement was a confession of judgment within the contemplation of LSA-C.C.P. 2085.
Appellant contends that although she agreed to the terms of the compromise agreement, she did not acquiesce in the trial court proceedings in which plaintiff sought to enforce the liquidated damages portion of the agreement. She contends the agreement was a contract for the payment of money, this being the $2,500.00 due November 30, 1984, and that the agreement to pay $6,385.89 in the event she failed to timely pay the $2,500.00 was an unenforceable agreement to pay liquidated damages in excess of legal interest. She made these contentions in a motion in opposition to plaintiffs motion for judgment on the compromise agreement.
We deny the motion to dismiss the appeal.
Though the plaintiff initially couched its motion to dismiss in terms that the appellant had acquiesced in the judgment, its contention cannot be directed at this portion of LSA-C.C.P. 2085 because this appellant opposed the judgment before it was granted and has continued to vigorously oppose the judgment since its rendition. The plaintiffs basis for seeking the dismissal was articulated in its brief as a contention that appellant had judicially confessed the judgment in the compromise of the suit for damages for breach of contract. We conclude the issue on the motion to dismiss is whether or not there was a judicial confession of judgment.
The judicial confession of judgment must be actually or substantially unconditional as there must be no issue to be tried. J.R. Quaid, Inc. v. Cyclone Fence Company, 226 La. 398, 76 So.2d 409 (1954).
In Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979)[3] the supreme court held a confession of judgment precluding an appeal must consist of an admission by a party in the proceedings in the trial court of the validity of his opponent’s claim in such a way as to leave no issue to be tried. The court reasoned that an in-court confession of judgment precludes an appeal under LSA-C.C.P. art. 2085 because it is made under the eye of the court and therefore without force or pressure. Extra-judicial confessions, on the other hand, are not made under the court’s protection and are, therefore, appealable. See also LSA-C.C.P. art. 2085, comment (b)[4]; Davis v. Hooker Chemical & Plastic Corp., 394 So.2d 802 (La.App. 4th Cir.1981); CCH, Inc. v. Heard, 410 So.2d 1283 (La.App. 3d Cir.1982).
While the compromise and settlement agreement was in the form of a judicial pleading and bore the style of the lawsuit it was an extrajudicial confession of judgment which does not bar an appeal *633 under LSA-C.C. art. 2085.[5] The agreement was entered into and signed by the parties and their counsel on August 31, 1984. It was not filed in court until December 13, 1984, after the $2,500.00 note was in default. It was filed in court with plaintiffs motion for judgment. The agreement does not consist of an admission by appellant of the validity of plaintiff’s claim in such a way as to leave no issue to be tried. Before appellant confessed judgment under the compromise agreement it had to be established at trial that she had failed to pay the remaining balance of $2,500.00. Upon appellant’s non-payment of the $2,500.00 as per the agreement, plaintiff presented the agreement to the trial court, attaching an affidavit establishing non-payment, and prayed for judgment in accordance with the compromise. The trial court was presented with the issue of non-payment and the compromise agreement, therefore, did not consist of an admission of plaintiff’s claim in such a way as to leave no issue to be tried. Quaid, supra, Martin, supra.
We deny the motion to dismiss the appeal.
Issue # 2 — Entry of Judgment in Accordance with the Compromise Agreement
The trial court rendered judgment as per the compromise agreement in the principle amount of $6,385.89, which was determined by deducting the $2,500.00 paid by appellant at the, time of the execution of the agreement from the sum of $8,885.89.
Appellant contends the trial court erred in allowing plaintiff to recover $3,885.89 as liquidated damages for appellant’s failure to timely pay the $2,500.00 in accordance with the compromise agreement. She acknowledges that she owes the remaining $2,500.00 due on or before November 30, 1984 as per the compromise agreement and is willing to pay same. Appellant argues the agreement is governed by LSA-C.C. art. 1935[6] in that it is an *634 obligation to pay money and the trial court erred in allowing plaintiff to recover liquidated damages in excess of the legal rate of interest. We find it unnecessary to discuss this contention because the agreement upon which the judgment is based is a transaction or compromise as defined by LSA-C.C. 3071 which provides as follows:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding ...”
The compromise is further defined as in LSA-C.C. 3078:
“Transactions have, between the interested parties, a force equal to the authority of things adjudged ...”
LSA-C.C. 1983 provides: “Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith.”
Courts are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when they are clear, explicit and lead to no absurd consequences. Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983).
Compromises are favored in the law and are not invalidated lightly in absence of bad faith, error of fact or fraud. The meaning and effect of a compromise agreement must be construed as a whole in light of attending events and circumstances. Succession of Teddlie, 385 So.2d 902 (La.App. 2d Cir.1980); Salling Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112 (La.App. 2d Cir.1982). See LSA-C.C. arts. 3078, 3079.
The compromise and settlement agreement on which the judgment appealed is based contains the title of “Compromise and Settlement.” It specifically states that it had for its purpose “to fully and finally settle any and all claims ... in the above styled lawsuit.” The agreement is clear and unambiguous as reflected by the contract quoted in Footnote # 5. The total to be paid by the appellant in the event of a default on the compromise agreement is only $617.11 (exclusive of interest and court costs) less than the amount she was alleged to owe in the petition for damages for breach of contract. There can be no doubt that the parties executed a compromise transaction of their original lawsuit wherein plaintiff sought damages for breach of contract by the appellant. The money appellant is required to pay under the compromise agreement and the judgment rendered pursuant to it, is in reality damages owed by her for breach of contract, the extent of which she resolved by the terms of the compromise agreement. There is no merit in appellant’s contention that she is being required to pay usurious interest in the form of liquidated damages. The appellant has not asserted any error of fact, fraud, violence or bad faith which could serve as a basis for an attack upon the compromise.
Judgment AFFIRMED at appellant’s costs.

. Code of Civ.P. art. 2085: “An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."

. Tiller contends:
1.) ... that although she agreed to the terms of the compromise agreement, she did not acquiesce in the trial court proceedings in which plaintiff sought to enforce the liquidated damages portion of the agreement;
2.) the trial court erred in allowing plaintiff to recover $3,885.89 as liquidated damages for her failure to timely pay the agreed $2,500 on or before November 30, 1984; and
3.) the trial court erred in awarding liquidated damages in excess of 12% per annum.

. Colbert v. Louisiana State Univ. Dental Sch., 446 So.2d 1204 (La.1984) overruled Martin on other grounds.

. Art. 2085. Limitations on appeals
(comment) (b) The concept of a confession of judgment precluding an appeal is retained, but some of the problems connected with it are clarified. Thus, an extrajudicial confession would not preclude an appeal under this Code. Such a pre-trial confession should, of course, have probative value, but even though permitted by Const. Art. VII, § 44 after the maturity of an obligation, it should not bar an appeal. Cutting off an appeal where a person has made his confession while in open court is something quite apart from barring such appeal when the confession is privately made. Where there is a judicial confession, under the eye of the court, the danger of forced or pressured confessions is minimized. Therefore, the words “in the proceedings in the trial court” were added to make certain that no extra judicial confessions would have the effect of cutting off an appeal.

.
"LRH, INC. VS. DELLA TILLER NUMBER 301,979 FIRST JUDICIAL DISTRICT COURT CADDO PARISH, LOUISIANA

COMPROMISE AND SETTLEMENT AGREEMENT

NOW INTO COURT, individually and through the undersigned counsel, come LRH, INC., hereinafter "Plaintiff", and DELLA TILLER, individually and d/b/a DELLA’S INTERIORS, hereinafter "Defendant", and with respect, represent the following:
1.
Plaintiff and Defendant have agreed to fully and finally settle any and all claims which were raised or which could have been raised in the above styled lawsuit on the terms and conditions hereinafter set forth.
2.
Defendant has agreed to pay Plaintiff $5,000.00 cash, $2,500.00 having been paid contemporaneous with the execution of this agreement, and the remaining $2,500.00 being represented by a promissory note of even date herewith due and payable on or before November 30, 1984, the form of said note being attached hereto as Exhibit "A” and made a part hereof for all purposes.
3.
Plaintiff and Defendant have further agreed that if the promissory note is not fully paid in accordance with its terms within the time specified, this Court shall enter a judgment in this matter awarding Plaintiff a judgment
against Defendant in the amount of $8,885.89, plus court costs, less the $2,500.00 paid by Defendant on this date and any further amounts paid by Defendant subsequent to the execution of this agreement; with interest to accrue on said judgment at the rate of eighteen percent from date of judgment until paid. The judgment of this Court shall further provide that Defendant shall take nothing against Plaintiff pursuant to her Reconventional Demand.
4.
Plaintiff and Defendant agree that if the $5,000.00 to be paid to Plaintiff called for hereunder is fully and timely paid, they will jointly request that this Court issue an order dismissing the case with prejudice as to the claims of Plaintiff and Defendant and each party will execute a mutual release of any and all claims which were raised or which could have been raised in this proceeding.”

. LSA-C.C. art. 1935 — “The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more ...”