## GEORGE BROOKS *v.* JOHN CAVANAUGH.

A judgment by default, confirmed by one law partner, who was ignorant that the other had given time to defendant's counsel to file an answer, will be reversed.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Roberts & Breaux*, for plaintiff. *Lathrop* and *C. A. Johnson*, for defendant and appellant.

LEA, J. (MERRICK, C. J., absent.) This case comes up on an appeal from the confirmation of a judgment by default, rendered under the following admitted state of facts :

On the 17th of May, the day on which the default was confirmed, the counsel for the defendant called upon *W. J. A. Roberts, Esq.*, one of the legal firm of *Roberts & Breaux*, who were acting as counsel for plaintiff, and who were his counsel of record, and applied for a delay of a few days on which to file an answer, stating, at the same time, reason why it would operate no delay in the ultimate disposal of the case. To this request, *Mr. Roberts* gave his assent. On the same day, and about half an hour after this arrangement had been made, *Mr. Breaux*, the partner of *Roberts*, who it appears had special charge of the case, but who was not aware of the promise made by his partner, caused the judgment by default to be confirmed and made final.

The assent given by *Roberts*, was clearly within the scope of his powers as an attorney at law, and was binding upon his client, until repudiated by him, with notice of the fact given to the defendant or his counsel.

In the case of *Robert et al.* v. *The Commercial Bank*, 13 La., in which there was a consent of counsel not to try the case during the summer months, the plaintiff disavowed the agreement made by his lawyer, went in person to the court-room and had the case set for trial, after due notice to the defendant's counsel, with whom the case was tried contradictorily.

After the agreement, which it is admitted was entered into between the counsel in the case at bar, it appears to us that a sufficient showing was made in support of the application for a new trial, and that the case should be reinstated as it stood at the time the agreement was entered into between the counsel in the case.

In support of this view of the case presented, we refer to the decision lately rendered in the case of *Lacoste* v. *Robert.*

It is ordered, that the judgment appealed from be reversed, and that the case be remanded for further proceedings to be had therein, in accordance with the views expressed in the foregoing opinion. It is further ordered, that the plaintiff and appellee pay the costs of this appeal.