State ex rel Moore & Co. vs. Judge.

## No. 9324.

### THE STATE EX. REL. JOHN T. MOORE, JR. & CO. VS. THE JUDGE OF THE TWENTY-SECOND JUDICIAL DISTRICT.

As a rule, injunctions should not be dissolved, unless contradictorily. The rule, however, admits in extreme cases, of some exceptions.

Where an injunction, granted to prevent an act the commission of which would inflict irreparable injury, is dissolved, at chambers, *ex parte* and on bond, notice of such dissolution should be given to the plaintiff in injunction.

In the absence of such notice of dissolution, the plaintiff is entitled to a suspensive appeal from the dissolving order, if the same be asked within ten days after knowledge is acquired of the existence of such order.

A suspensive appeal lies from such order, where the act enjoined was the sale of succession property, as such sale might cause irremediable wrong.

APPLICATION for Mandamus.

*Robt. G. Dugué* for the Relators.
*Simes & Poche* contra.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel the granting of a suspensive appeal from an *ex parte* order dissolving an injunction on bond.

The injunction was issued on the 14th of November, 1884, to arrest the sale of the undivided share of a deceased in certain property, to take place in furtherance of an order procured by the succession representative.

Subsequently, on November 19th, the injunction was dissolved at chambers, *ex parte*, on bond, on petition of the executrix, without any previous notice to the plaintiff in injunction.

The relator swears that he became aware of this dissolution only on the 18th of December through his counsel who had discovered it the day previous only.

On the 22nd of December following, the relator applied to the district judge for a suspensive appeal from the dissolving order, offering a proper bond, but the district judge declined to allow the relief on the ground that the application was made too late, that is, more than ten days, nay, more than a month, after the granting of the order.

Two questions are thus presented :

1. Whether the application was made in time.
2. If so, whether the appeal asked lies from the dissolving order.

I.

It is well established that, as a rule, notice to dissolve an injunction should be given to the party who obtained the writ, although in extreme cases, the judge, in his discretion, may dissolve, at chambers and *ex parte*. 31 Ann., 171; 31 Ann., 983; 29 Ann., 362; 34 Ann., 391, 99.

If, then, notice be required *before* the motion to dissolve is acted on, it is logical to infer that it is indispensable *after* the injunction has been dissolved, without such notice, *ex parte*, for whatever reason.

What was said in 31 Ann., 171, cited, regarding the anterior, may well be repeated concerning the posterior notice: " Every principle of law and judicial procedure, as well as every consideration of common justice, requires such notice."

In the absence of such information, knowledge of the *ex parte* dissolution, if deemed equivalent to notice, can only serve, at best, to compute, as an initial point, the time within which the suspensive appeal can be asked.

The law dispenses with notification of the rendition of final judgments, in appealable cases, *only* where the defendant was personally cited or joined issue. Act 1876, No. 24, p. 50.

There is no reason why notice of the rendition of an *ex parte* decree, permissive of the commission of an act which may entail irreparable injury, should not be required to be given. Where notice has been given of the application to dissolve an injunction, notice of the decree rendered in open court, dissolving the same, would not be necessary.

The application for the suspensive appeal in this case, having been made within ten days after knowledge was acquired of the rendition of the dissolving order, must be deemed as made in due time.

II.

It is settled that an order of sale of succession property, or even of other property, can be suspensively appealed from, as the execution of it might inflict irreparable injury. 22 Ann., 200. See also 31 Ann., 823; 7 R., 232. The reason is, that the sale of the property might place it in hands, from which the reversal of the judgment below could not wrest it, and that such sale, if made at a sacrifice, may prove ruinous to parties concerned.

An injunction may well, as a remedy, be substituted to such appeal. Where one is granted and is subsequently dissolved, it is impossible to conceive of any plausible reason why a suspensive appeal should not lie from the dissolving order, specially when rendered *ex parte*, in as much as in the absence of such appeal, the sale might cause an irreparable wrong.

In the case of State ex rel. Dardenne vs. Judge, 28 Ann., 889, it was expressly held, that a suspensive appeal lies from an order dissolving on bond an injunction issued to prevent an irreparable injury. The *mandamus* there asked was allowed, to coerce the granting of such appeal.

Of course, we formally abstain from expressing any opinion on the merits of the injunction, arresting the sale of the undivided interest of the deceased in the property. The issue thereby presented is not and cannot be legitimately raised in this case, in which the only question submitted is one of practice: whether an application for a suspensive appeal is in time from an *ex parte* order dissolving an injunction, allowed to prevent an irreparable injury, when the application for is made within ten days after discovery of the rendition of the order, where no notice had been given, either of the intention to dissolve, or of the actual rendition of the dissolving order. The relator is entitled to the relief sought.

It is therefore ordered and decreed that the alternative *mandamus* herein issued be made peremptory.