Statement of the Case.
MONROE, J.
The question to be determined in this case is, whether the relator is entitled to a writ of mandamus directing the judge of the district court to grant a suspensive appeal from a judgment ordering tha sale of the assets of the corporation known as Leon L. Schwartz, Limited, now in the hands of a receiver? Relator alleges, in substance, that the receiver applied for an order to sell, in bulk, at public auction, all the assets of the corporation, consisting, in the main of a stock of goods, store fixtures, lease of store, and. open account; that agreeably to the provisions of section 10, of Act No. 159, of 1898, said application was spread on the order book, and constituted legal process, by which all parties interested were cited to show cause why the sale should not be ordered, and the relator, as a creditor and stockholder of the corporation, made written opposition to the granting of said order, upon the grounds that a sale was unnecessary and that, in any event, the assets should not be sold in bulk. He further alleges that after a trial of said opposition upon which testimony was offered there was judgment ordering that the sale be made as asked by the receiver, the meaning and effect of which is, finally, to determine that the assets of the corporation cannot be so administered as' to pay its debts, and cannot be returned to the *154 stockholders. That said judgment was duly signed after the legal delays, and will, if executed, work irreparable injury to relator, and that relator applied for a suspensive appeal therefrom, which was denied for the following reasons, as signed by the trial judge, to wit:
“The order of sale sought to be appealed from is interlocutory, and not such as may cause irreparable injury. Whether there shall or shall not be a sale is a matter entirely within the discretion of the court, and not reviewable on appeal. Besides, all parties are agreed as to the necessity for terminating the receivership by a sale; the only point of difference being whether the sale shall be in bulk or separately. If the order of sale were stayed by a suspensive appeal, either the store would have to be closed, thereby destroying its value as a going concern, or the business would have to be continued by the receiver at a loss to all parties in interest, in either case, inflicting injury and defeating the will of all concerned to put an immediate end to the receivership, and have a distribution of the assets.”
Relator further alleges that the assets of the corporation are appraised at $52,275; that the lease of the store does not expire until 1910, and is a valuable asset, which, if sold separately, would be the subject of lively competition; whereas, comparatively few persons would bid for it if obliged to buy all the other assets. He alleges that the judgment in question is final; that the injury to result therefrom will be irreparable; and that he is entitled to a suspensive appeal therefrom. Wherefore, he prays, etc. The judge a quo for answer and return alleges in substance that in October, 1905, certain creditors ruled the receiver to show cause why he should not sell the assets of the corporation, and were met by the oppositions of other creditors, representing larger claims, who objected that the time was inopportune; that, subsequently, before action had been taken by the court, the receiver filed a petition alleging that it had become apparent that the assets could not be so administered as to pay the debts of the corporation, and praying that he be authorized to make a sale thereof, in bulk, at public auction, which application was ; spread on the order book; that, within the-10 days allowed by law for opposing, “an appearance signed Edgar M. Cahn, Attorney,” and indorsed “Opposition to Manner of Sale on Part of Creditors,” was filed. (The respondent here reproduces the opposition, of which we merely give the substance, as follows: Certain of the creditors allege that they had applied for the sale of the assets upon grounds which they reaffirm; that the-receiver has acquiesced in the propriety of such action, and has himself prayed that he-be authorized to sell the assets in bulk; that appearers oppose the sale in bulk, and insist that it be made in lots,' as being more likely to attract competition, and because the unexpired term of the lease will be likely to-sell to better advantage if sold separately.) Respondent alleges that, long after the delay for opposing had expired, relator filed the opposition which is annexed to his petition (which opposition contains the following averments, in substance: That since the appointment of the receiver the greater part of its liabilities have been paid, compromised, or settled, and that the assets should be returned to the stockholders; that, should the court overrule the opposition as thus founded, then-that the property should be sold in lots, and that the lease should be sold separately; that opponent is interested, in that he is a creditor and a stockholder of the corporation, that his name is on its notes in a sum exceeding $35,000, and that he is being sued as a debtor of the corporation for amounts aggregating $3,090 or more).
Respondent alleges that at a still later date Edgar M. Cahn, as attorney, filed another opposition (which is reproduced by the respondent and of which we give the substance, as follows: Certain creditors, not before appearing, oppose the sale in bulk, and insist that it be made at auction, and in lots, to suit purchasers; the lease to be sold separately). Respondent alleges that these matters came up for trial, and, after hearing,. *156 that respondent rendered judgment ordering that the property be sold at auction in bulk, which judgment was in conformity to the wishes of the majority of creditors in number, and of a like majority of the stockholders, the receiver himself being the largest individual stockholder; that there is nothing to show that a majority of the debts of the ■corporation have been paid or compromised, ■or that the assets should be restored to the stockholders, and that, though it was not so stated in terms, respondent was given to understand that relator’s opposition, as predicated on that ground, had been waived, and that the only question in dispute was as to the manner of the sale, and that such understanding is borne out by the language of relator’s motion for appeal (which is reproduced, and which reads in part as follows, to wit: “That there is error to the prejudice of mover * * * in the final judgment herein rendered * * * on the opposition of mover * * * to the application of the receiver herein for authority to sell, in bulk, the stock of goods, accounts, and lease of store, * * * which said judgment authorized said sale of said assets, in bulk, and denies the claim of mover that the sale should be made at public auction, in lots to suit the purchaser, and that the lease should be sold separately, and on further suggesting that mover is aggrieved by said judgment, and that, if executed, it will cause irreparable injury to mover as a creditor of,, and stockholder in defendant corporation, and otherwise, it is ordered,” etc.).
Respondent further alleges that it is apparent from this motion that relator’s grievance, and his complaint of the judgment was, not that the sale had been ordered, but that the property had been ordered to be sold in bulk, and that his present contention, that he never agreed to the necessity of a sale, and never waived his opposition thereto, is urged solely with a view of escaping the application of the rule, recognized in the practice in equity, that the determination of the question of the manner of sale is entirely within the discretion of the chancellor. Respondent further alleges that after he had pronounced judgment, “Mr. Edgar M. Cahn, counsel for the opponents, other than relator, rose and stated that he submitted to the said judgment, as the matter was entirely within the court’s discretion, that this statement was received by the court as being in behalf, not only of his, Cahn’s, clients, but, also, of relator, Leon L. Schwartz, whose attorney was conducting the trial for the opponent jointly with Mr. Cahn,” and that he thereupon, delayed naming the auctioneer in order that Mr. Cahn might consult his clients, and only named him when the delay agreed on had expired. Finally respondent again submits that, if his order of sale be stayed by a suspensive appeal, either the store will have to be closed, thereby destroying its value as a going concern, or, the business will have to be continued by the receiver, at a loss to all concerned, until a decision of the appeal, in either case, inflicting injury, and defeating the will of all parties in interest to put an immediate end to the receivership and have a distribution of the assets. That cannot be the law.
The receiver adopted the return thus made by the judge, and files certain affidavits made by members of the bar, representing large creditors of the corporation, and who joined the receiver in his application to sell and participated in the trial of the oppositions thereto. These affidavits, being in the nature of original evidence, cannot be considered.
Opinion.
Assuming the facts to be as stated in the return of the respondent judge (and the record shows nothing to the contrary), we are of opinion that the judgment complained of, though interlocutory, in the sense that it is ancillary to the final judgment of distribu *158 tion and discharge, which may hereinafter be rendered, is definitive, in the sense that, quoad the particular issues involved, and the prospective result of its execution, it cannot be, effectively, reviewed upon an appeal from such final judgment, and, hence, considering the character of those issues and results, may, if erroneous, work irreparable injury. State ex rel. Moore v. Judge, 37 La. Ann. 118; State ex rel. Upton v. Lazarus, Judge, 37 La. Ann. 830.
In so far as the judgment orders that all •of the assets of the corporation, including the lease of its place for business, be sold, we do not understand the proposition stated to lie denied, the position of the respondent judge on that subject being, that, by his silence and inaction, during the trial, and when the judgment was rendered, the relator must be considered as having abandoned his objection to the sale, and his right of appeal from the judgment ordering the same. We are unable to concur in the view. It is true that during the trial the counsel for the relator and the counsel for the other opponents .acted and consulted together (though the counsel for the relator conducted the examination of his client as a witness), but such •co-operation was to have been expected between the counsel of litigants having a common interest. It is also true that no evidence was offered to show that the property of the corporation could have been so administered as to pay the debts of the corporation, or to • show that a sale was unnecessary, but the ease would not have been different in that respect, if the relator had put in no appear.ance at the trial, and yet it will hardly be ■contended that he would thereby have lost his right of appeal from the judgment which might have been rendered in his absence. It is further true that when the judgment here complained of was rendered, and when •counsel for -the other opponents stated in open court that he submitted thereto, counsel for relator remained silent, and, by so doing, created upon the minds of the judge and of the opposing counsel, the impression that he, also, submitted to or acquiesced in the judgment. But, neither his silence under the circumstances, nor the impression so created, can have the effect of depriving his client of the right of appeal from the judgment so rendered, and this would be true though it be conceded, as perhaps it may be, that the counsel remained silent, because, at that time, he was willing to acquiesce in the judgment and had no intention to appeal, since, in point of fact, he did nothing which amounted to an acquiescence or by which his client could be estopped, and, until he took such action, it was his privilege to change his mind. A somewhat more doubtful question, perhaps, arises from the language of the motion for appeal, since the mover, though under no obligation to state why he was aggrieved by the judgment, was at some pains to specify that it was because it ordered the sale of the property in bulk. We are, however, of opinion that even though he had no other complaint to make he would be entitled to an appeal since what may be done with respect to the matters thus complained of cannot be hereafter undone, nor can the relator recoup any loss that he may sustain if it be wrongfully done, and his injury, in that event, will be irreparable.
It is, therefore, ordered, adjudged, and decreed that the alternative writs of mandamus and prohibition herein issued be now made peremptory, and, accordingly, that the respondent judge be ordered to grant to the relator a suspensive appeal, as prayed for by him, on his furnishing bond, conditioned as the law directs, in an amount to be fixed by respondent, and that, in the meanwhile, and pending such appeal, the further execution of the judgment, from which the appeal is thus to be allowed, be stayed.