(53 South. 984.)

No. 18,551.

LONG v. CHAS. A. KAUFMAN CO., Limited. In re CHAS. A. KAUFMAN CO., Limited.

(Jan. 3, 1911.)

(Syllabus by the Court.)

1. APPEAL AND ERROR (§ 458*)—MANDAMUS (§ 57*) — SUSPENSIVE APPEAL—INTERLOCUTORY JUDGMENT CAUSING IRREPARABLE INJURY.

Where the execution of a writ of fieri facias was enjoined on the ground of the alleged nullity of the judgment, and the court ordered that the injunction be dissolved on the plaintiff in execution giving bond and security, as provided by article 307 of the Code of Practice, held, that the plaintiff in injunction is entitled to a suspensive appeal from the dissolving or-

der, and that this right will be enforced by mandamus.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 458;* Mandamus, Cent. Dig. §§ 68, 114, 120; Dec. Dig. § 57.*]

2. INTERLOCUTORY JUDGMENT.

A judicial sale of property, whether movable or immovable, may work an irreparable injury, by placing the property in other hands from which the reversal of the judgment could not displace it.

Action by G. W. Long against the Charles A. Kaufman Company, Limited. Judgment for plaintiff, and defendant applies for writs of mandamus and prohibition to compel the granting of a suspensive appeal. Writ of mandamus made peremptory.

See, also, ante, p. 333, 53 South. 583.

Dinkelspiel, Hart & Davey and Solomon Wolff, for applicant. A. J. Peters and James Wilkinson, for respondent.

LAND, J. Plaintiff obtained a money judgment against the defendant, and the suspensive appeal of the latter was dismissed because of the insufficiency of the bond in amount. Defendant then obtained a devolutive appeal from the judgment which is now pending in this court. After taking the devolutive appeal, the defendant sued to annul the judgment, and obtained an injunction restraining the civil sheriff from proceeding further in the execution of a writ of fieri facias issued under the judgment after the suspensive appeal had been dismissed.

The plaintiff having applied in vain to this court to set aside the injunction under its supervisory jurisdiction moved the judge below to dissolve the injunction on bond. After hearing the parties, the judge ordered the dissolution of the injunction on bond in the sum of $3,000. Defendant applied for a suspensive appeal from the dissolving order, which was denied; and thereupon the defendant filed the application now before us to compel the judge to grant a suspensive appeal as prayed for by the relator.

The respondent judge has answered that no appeal will lie from the order of dissolution on bond, because it is one that works no irreparable injury as the damage can be compensated in dollars and cents.

One may appeal from an interlocutory judgment when it may cause him an irreparable injury. Code Prac. art. 566. An injunction may be dissolved on bond, whenever the act prohibited by the injunction is not such as may work irreparable injury. Id. art. 307. The condition of such bond is that the defendant "will deliver the property in dispute in the same state in which it was at the moment of issuing the injunction, and that he will pay besides to the plaintiff all damages he may have sustained by this act, if a definitive judgment be rendered against him in the suit pending."

The question of bonding where a judicial sale has been enjoined has been decided in only a few cases. In Insurance Co. v. Benit, 29 La. Ann. 297, it was held that an appeal would lie from an order dissolving an injunction on bond in case of an order of seizure and sale, which had been enjoined by a third party claiming ownership of the mortgaged property. In State ex rel. Moore v. Parish Judge, 31 La. Ann. 802, where an heir had enjoined the sale of succession property, and the injunction had been dissolved on bond, it was held that the relator was entitled to a suspensive appeal, as the sale would operate a transfer of title and change of possession, and therefore could not fail to work irreparable injury. In State ex rel. Moore & Co. v. Judge, 37 La. Ann. 119, the case of Moore v. Parish Judge, supra was reaffirmed, and the court said:

"It is settled that an order of sale of succession property, or even of other property, can be suspensively appealed from, as the execution of it might inflict irreparable injury. [State ex rel. Fassman v. Judge of Second Dist. Court of New Orleans] 22 La. Ann. 200. See, also [State ex rel. Morey v. Judge of Fifth Dist. Court] 31 La. Ann. 823; [Andry's Ex'r v. Fourchy] 7 Rob. 232. The reason is that a sale of the property might place it in hands, from

which the reversal of the judgment below could not wrest it, and that such sale, if made at a sacrifice, may prove ruinous to parties concerned."

Oil Co. v. Leathers et al., 50 La. Ann. 266, 23 South. 839, has no application. In that case, the plaintiff sued to recover 700 cotton seed sacks, and the injunction was dissolved on bond presumably conditioned for the delivery of the property in case of an adverse judgment as required by article 307 of the Code of Practice. In State ex rel. Oil Mills Co. v. Judge & Leathers et al., 50 La. Ann. 266, 23 South. 839, the relators had enjoined Leathers et al. from taking possession of any bags or sacks upon the banks of the Mississippi river or its tributaries belonging to relators and identified by their mark and brand. In both cases, the action was based on a claim of ownership of movables, and the injunction was to restrain the defendants from using or taking possession of such movables during the pendency of the suit.

In the case at bar the injunction was sued out to restrain the forced sale of the property of the relator under a writ of fieri facias issued pursuant to a judgment alleged to be null and void for want of jurisdiction, and because no reasons were assigned for its rendition as required by the Constitution of the state. Under such writ of fi. fa. the movables, and if they be insufficient, the immovables, of relator may be seized and sold. In either event, the property could not be restored to the relator if judgment should be rendered in his favor.

The condition of the bond prescribed by article 307 of the Code of Practice indicates that the dissolution merely authorizes the taking or retention of possession of the property during the pendency of the suit. A sale, whether private or public, would breach the obligation of the bond to deliver the property if so required by the final judgment and judicial sale of movables would operate the same kind of injury as a judicial sale of real estate.

After mature consideration, we have reached the conclusion that the relator is entitled to a suspensive appeal from the order dissolving the injunction on bond. It is therefore ordered that the writ of mandamus be made peremptory as prayed for by the relator, and that the costs of this proceeding be paid by George W. Long.