This summary proceeding is instituted in the name of the State of Louisiana by the Secretary of State, appearing in his official capacity, through his official attorney, under the provisions of Act No. 14 of the Second Extra Session of the Legislature of the year 1935, to recover from Ernest M. Loeb Company, Inc., the sum of $159.30 for additional franchise taxes alleged to be due for the year 1936, as provided for by Act No. 8 of 1932 as finally amended by Act 10 of the First Extra Session of the Legislature of 1935, which latter acts are generally referred to as the "franchise tax statutes", and for interest, penalties and attorneys' fees, the whole aggregating the amount of $210.40.
This suit was filed on November 25, 1941. The rule to show cause why the defendant should not be condemned to pay the amount sued for was served on the defendant on December 3, 1941, and made returnable on December 9, 1941, at 1:30 p.m.
On the return day of the rule it was agreed and consented to by and between counsel for defendant and for the state, in open court, that the matter be reassigned for January 5, 1942. *Page 741 
On this latter date it was agreed and consented to by counsel for the State that the matter again be reassigned at some future date to be thereafter agreed upon, and which was subsequently fixed as January 19, 1942. This latter date being a holiday, by consent of both counsel the matter was reassigned for hearing on January 22, 1942. The matter was called for trial on that date and the defendant thereupon filed its pleadings, consisting of:
(1) An exception of want of capacity on the part of the Secretary of State to file and prosecute this suit or to stand in judgment, and the want of capacity of the attorney to represent the Secretary of State, the latter based upon the ground that the attorney general is the only one enjoying the power and authority to represent the State, or its departments, in all legal matters in which the State or its departments have an interest, or to which the State or any department thereof is a party:
(2) An exception to the right of the Secretary of State to retain special counsel, based upon the ground that the authority to do so does not exist under the franchise tax statutes, supra;
(3) The unconstitutionality of Act 10 of the First Extra Session of the Legislature of 1935, which unconstitutionality is pleaded under an exception of no right and no cause of action; and,
(4) An answer to the merits reiterating the defenses raised in the several pleas and exceptions, and averring that all of the taxes for the year 1936 that were due and owing to the State have been paid in accordance with the requirements of the tax statutes.
When defendant's counsel tendered these pleadings in response to the rule, plaintiff's counsel objected to the filing of any defenses on the ground that these pleadings had not been filed in conformity with the provisions of Act 14 of the Second Extra Session of 1935.
The objection was overruled and, at the suggestion of counsel for plaintiff, with the consent of counsel for the defendant, the hearing was continued until January 29, 1942. On this date the matter was again called for hearing and the court inquired of counsel for plaintiff whether he desired to withdraw his objection to the right of the defendant to file its defenses. To this inquiry counsel for plaintiff again reiterated and urged the correctness of his objection. Thereupon the lower court recalled and set aside its former ruling and sustained the objection, barring the filing of all defenses. Upon the introduction of the petition in rule, with the accompanying affidavit as evidence establishing and constituting a prima facie case, the record containing no defenses legally interposed, judgment was rendered in favor of plaintiff as prayed for.
Writs of certiorari, prohibition and mandamus were thereupon applied for in the Supreme Court, which were, in turn, refused for the assigned reason that relator's remedy, if any, was by appeal to the proper court from final judgment.
Pending the application for writs, the signing of a formal judgment was held in abeyance, and, after refusal of said writs, judgment was formally signed on February 18, 1942. It is to be noted, however, that in the interim between the time of the application for writs and the day of the signing of formal judgment, defendant tendered a supplemental answer and a plea of prescription of three years, the latter under the provisions of Section 19, Article XIX of the Constitution of 1921.
Defendant now prosecutes this appeal, complaining of the ruling of the court denying it the right to file its defenses under the circumstances heretofore stated, and prays that the matter be remanded for a hearing on the merits.
The issue, then as presented to us, is very narrow: Was the ruling of the First City Court, sustaining the objection of plaintiff to the filing of the tendered defenses to the rule, justifiable in law and in fact?
Act 14 of the Second Extra Session of 1935, as indicated by its title, is "An act providing additional procedure to facilitate and expedite the determination and trial of all claims by or on behalf of the State for taxes, excises and licenses, * * *". Section 1 provides that such proceedings shall be summary and be heard at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party. Section 2 reads as follows:
"That all defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. *Page 742 
This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Code of Practice."
Section 3 fixes the time within which judgment must be rendered and signed and when such judgment becomes final, also limiting the quality of the appeal to be taken and the time within which it must be perfected. Section 4 provides that the allegations of the State's petition shall constitute a prima facie case whenever accompanied by proper affidavit, and the burden of proof to establish the contrary shall then rest upon defendant.
Section 5 declares that the act shall be construed as providing additional remedies, and repeals only such laws or parts of laws inconsistent or in conflict with its provisions.
It is evident, from a reading of the statute, that the legislature sought to provide, in addition to all other existing procedure, an expeditious remedy having, as its sole object, any matters involving the public fisc; a procedure summary in character and this at an end to facilitate and accelerate the determination and trial of all claims of the State and its departments for taxes, excises and licenses. Accordingly, in the hearing and determination of these tax claims, the legislature exacted explicit functions and duties of the courts and litigants and commanded their observance. The statute provides that "all defenses, whether by exception or to the merits, made or intended to be made * * * must be presented at one time and filed * * * prior to the time fixed for the hearing, and no court shallconsider any defense unless so presented and filed." (Italics ours.) The language used is plain and unambiguous and embodies a peremptory edict directed to courts enjoying original jurisdiction in such claims.
In the instant case, the record discloses that notice of plaintiff's demand was served on the defendant on December 3, 1941. The hearing on the rule to show cause was therein made returnable on December 9, 1941, and thus was in compliance with the statutory provisions requiring a hearing within not less than two nor more than ten days after such notice. The record discloses that the defenses sought to be filed by the defendant were presented to the lower court on January 22, 1942, or forty-four days beyond the return date. We are convinced, therefore, that the presentation and filing of these defenses at the time so made were in the teeth of the prohibitory provisions of the statute, and, thus, could not be considered by the lower court. Accordingly, the ruling of the court sustaining the objection of the attorney for the plaintiff is approved.
Defendant contends, however, that counsel for plaintiff, having consented and agreed to a continuance and reassignment of the return day as originally fixed, this on three separate occasions and the first reassignment being made with the knowledge of the court, such continuances and reassignments had the effect of setting at naught the original return day, together with each subsequent reassignment, thereby making a new return day for the filing of defenses the same as if the reassignment day were the original return day.
This contention is not well founded. Section 2 of the act, supra, plainly states what the legislature intended to accomplish in prohibiting a court from considering any defenses unless presented and filed within the time fixed for the hearing. To fully carry out these objectives, the legislature declared that courts of original jurisdiction shall be denied "the right to extend the time for pleading defenses", though, at the same time, recognizing the discretionary powers of a court to grant continuances to a defendant when based on such legal grounds as are provided by the Code of Practice on the subject matter.
It is obvious that the lower court in the instant case was powerless to extend to the defendant any additional time beyond the original return day for filing its defenses, and we entertain no doubt that, where the court is thus enjoined, the attorneys for either or both litigants possess no greater right or authority. To permit counsel for either or both of the parties to do that which is prohibited to the court would defeat and circumvent the declared intents and purposes of the statute.
The continuances abortively consented to by plaintiff's counsel and upon which defendant relies in support of its asserted right to file its defenses do not fall, as required by the statute, supra, within the legal grounds set forth in our Code of Practice, Arts. 465 et seq. The granting of continuances in causes presupposes the *Page 743 
joinder of issue. It is only after issue has been joined and after the setting of causes for trial that granting of continuances may be made pursuant to the codal provisions. In such instances the legal grounds called for by the codal articles, supra, are such as the absence or illness of witnesses, or some other cause which appears sufficient, within the discretionary power of the court, to justify its grant. The continuances relied on were not granted by the court below, the sole authority for such a grant, but by agreement between counsel, and it is to be observed that the continuances so agreed to were for causes other than those provided by the Code of Practice articles, supra. Consequently, the agreement of counsel for plaintiff to postpone the hearing, having been for causes other than those legally sanctioned, can have no legal effect against the right of the State to invoke the injunctive and prohibitory provisions of the statute in question.
The cases relied upon by counsel for defendant, Des Allemands Lumber Company v. Morgan City Timber Company, 117 La. 1, 41 So. 332; Williams' Heirs v. Zengel, 117 La. 599, 42 So. 153, and Brooks v. Cavanaugh, 11 La.Ann. 183, are not apposite to the case at bar. These cases involved proceedings via ordinaria and fall within the provisions of our Code of Practice dealing with procedure in matters of that nature. In the instant case the proceeding is summary and the statute has specifically declared what procedure shall be observed.
The record reveals, in our opinion, that the defendant was afforded reasonable notice and a fair opportunity to be heard. Its failure to comply with its prescribed statutory duties, directing the particular course of procedure required, had the effect of destroying its right to be judicially heard.
The record discloses that proper proof of the State's demand was made in accordance with the statute, and, accordingly, the judgment of the court below in favor of plaintiff is consistent with the law governing such matters.
For the reasons assigned the judgment appealed from is affirmed at the cost of appellant.
Affirmed.