PER CURIAM.
In compliance with the provisions of LSA-R.S. 47:1574(3), requiring a .decision in cases of this character within forty-eight hours after submission, we herewith hand down our decision in the matter, the reasons for which will follow in due course.
The judgment appealed from is amended by allowing the plaintiff, the State of Louisiana, statutory penalties, interest and attorneys’ fees.
Amended and affirmed.
REGAN, Judge.
Opinion.
Rufus W. Fontenot, Collector of Revenue for the State of Louisiana, instituted this rule in conformity with the provisions of the LSA-Revised Statutes of 1950, Titles 26 and 47, against the defendant, Harrison Wholesale Liquors, Inc.; endeavoring to recover the sum of $1,009.02, plus statutory penalties, interest and attorneys’ fees, which amount represented a part of the alcohol beverage tax due by the defendant for the period from June 12th, 1950 through May 5, 1952.
The defendant pleaded the exceptions of no cause or right of action and, in substantiation thereof, asserted that “plaintiff is attempting to proceed under the Revised Statutes of 1950, Title 47, whereas * * this procedure should be brought under the provisions of the Revised Statutes of 1950, Title 26.” This exception was referred to the merits. While no formal answer appears in the record on behalf of the defendant the evidence adduced herein reflects that it did interpose a defense to the enforcement of these taxes predicated on the hypothesis that it was not the intention of "the Legislature to impose a tax on a dealer from whom alcoholic beverages, which were the subject of the tax, had been stolen.
The plaintiff insists that “as the summary * * * proceedings provided ‘in R,S. 47: 1574 forbids the interposing of defenses after the original return day of the rule to show cause, the defense * * * should not now be considered.”
From a judgment in favor of the plaintiff making the rule absolute and awarding the principal amount prayed for, both parties have appealed.
The trial court, in its written reasons for judgment, thoroughly analyzed the law applicable to this case which, in our opinion encompasses the dominant issue posed for our consideration so fully that we adopt them as our own.
*548 “This is a summary proceeding brought by the Collector of Revenue of the State of Louisiana under R.S. 47:1574. Defendant filed an exception of no right or cause of action, contending that plaintiff’s remedy should be brought under the provisions of Revised Statutes of 1950, Title 26.
“The source of R.S. 47:1574 was Act No. 14 of the Second Extra Session of the Legislature of 1935. When this act was carried over into the Revised Statutes of 1950, Paragraph 5 thereof was eliminated and its phraseology was changed to read as follows:
“ ‘In addition to any other procedure provided in this Sub-title or elsewhere in the laws of this state; and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising under this Sub-title, there is hereby provided a summary proceeding for the. hearing and determination of all claims by or on behalf of the state, or by. or on behalf .of the collector, for taxes, excises, and licenses and . for the penalties, interest, attorney fees, costs or other, charges due thereon, by preference' in all courts, all as follows: * * * >
“The Legislature, evidently recognizing that .the Revised Statutes as written applied only to the 'taxes under subtitle 2 of Chapter 47, passed Act No. 142 of 1952, amending Section 1501 of Chapter 47 and defining the term subtitle to mean and include all Chapters in subtitle 2 of Title 47, and any other chapters of these Revised Statutes, the administration of which had been delegated to the Collector of Revenue.
“Section 2 of R.S. 47:1574 makes it incumbent upon the defendant to present all of his defenses at one time, prior to the time fixed for hearing, and denied to any court the right to extend the time for pleading defenses, and states that no continuance shall be granted by any court to any defendant except for legal grounds set forth m the Code of Practice.
 “This being a summary proceeding, the hearing of which was postponed on December 4th, 1953, and on December 18th, 1953, and finally heard on February 26, 1954, defendant was not entitled to interpose defenses beyond the original return date.
“However, pretermitting the question of whether or not the defendant was entitled to interpose defenses beyond the original return date, the law is clear that these taxes are levied on 'all beverages of high alcoholic content handled in Louisiana. (R.S. 26:341, R.S. 26:344).”
The plaintiff asserts that the trial judge erred in not allowing statutory penalties, interest and attorneys’ fees and, in support thereof, points respectively to LSA-R.S. 47:1512 and 47:1574(4) which read:
“The collector is authorized to employ private counsel to assist in thé ■ collection of any- taxes, penalties ór interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to any attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum-(10%) of the taxes, penalties and interest due, shall be paid by the tax .debtor.”
“(4) Whenever the pleadings filed on behalf of the state, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.”
*549 It is clear that the Collector of Revenue is entitled to attorneys’ fees and the affidavit showing them to be due is prima facie proof thereof and must, in turn, be rebutted, by defendant. There is not a scintilla of evidence in the record which reveals that defendant disproved the fight of plaintiff to collect attorneys’ fees, therefore, the trial-judge erred in failing to award them to the Collector of Revenue.
In conformity with the provisions of LSA-R.S. 47:1574 we handed down our degree within forty-eight hours after the foregoing case was submitted.
' For the reasons assigned the judgment appealed from is amended so as to allow the plaintiff statutory penalties, interest and attorneys’ fees and, as thus amended, it is affirmed.
Amended and affirmed.