HARDY, Judge.
This is a summary proceeding brought in the name of the Collector of Revenue of the State of Louisiana, in accordance with the provisions of LSA-R.S. 47:1574, seeking the recovery of tobacco taxes, penalties, interest and attorney’s fees. From a judgment in favor of plaintiff making the rule absolute and ordering the defendant to pay a total sum of $249.60, plus interest and attorney’s fees, defendant brings this appeal.
In the lower court, contemporaneous with the filing of answer in the form of a general denial, defendant filed an exception of vagueness, an exception to the citation and an exception of no cause and no right of action, which exceptions were either overruled or referred to the merits. In this court defendant has filed an exception of no cause or right of action, together with an alternative tender of the amount of the tax in the sum of $9.60 and relies upon these pleadings in support of his appeal.
The exception of no cause and no right of action is predicated upon the proposition that the prayer of plaintiff’s petition is defective in that it does not end by conclusions analogous to the nature of the action as provided in Code of Practice Article 172 et seq., and, alternatively, no demand having been proved, the tender of the actual amount of the tax is sufficient to discharge defendant from any liability.
Reference to plaintiff’s petition discloses an allegation of indebtedness on the part of defendant in the nature of tobacco taxes incurred during the month of March, 1954, in the sum of $9.60, allegedly due by reason of defendant’s importation and consumption, in the State of Louisiana, of twelve cartons of cigarettes, the assessment of a penalty of $20 per carton, and, finally, the making of amicable demand in vain. On trial, neither party to the litigation introduced evidence, save and except the affidavit by an Assistant Collector of Revenue for the State of Louisiana, setting forth the amount of the tax and penalties claimed, which affidavit had been annexed to and made a part of plaintiff’s petition.
Careful examination of the pleadings serves to convince us that de *254 fendant’s position is without merit. The petition concluded by praying for the issuance of a rule nisi, ordering defendant to show cause “why judgment should not be rendered herein condemning the said defendant to pay the tax, interest, penalty and attorney’s fees hereinabove set forth * * The prayer further contained the usual clause comprehending general and equitable relief. Conceding the requirements of the prayer as set forth in Article 172 of the Code of Practice, we do not find that the pleading in the instant case is lacking in compliance with such requirements. For the purpose of considering the exception the allegations of the petition and the matters reflected by annexed documents must be accepted as true. Additionally, the statute itself, LSA-R.S. 47 :- 1574(4), specifically provides that an affidavit by the collector or one of his assistants as to the facts alleged in the pleadings shall be accepted as prima facie true and “as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.”
There can be no question as to the propriety of the pleading in the instant case. In default of any evidence on behalf of defendant, the prima facie case made out by the State under the statutory provisions above noted must be accepted as conclusive.
In connection with defendant’s alternative position, it is urged that the allegation of the petition considering the making of amicable demand is “only a legal conclusion.” We cannot agree with this interpretation for it appears evident to us that an allegation that amicable demand has been made is an allegation of fact, and, by pleading on the basis of the exception, defendant perforce admits the fact to be true.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
AYRES, J., dissents.