GLADNEY, Judge.
This is an action by the State, instituted through summary procedure as provided in LSA-R.S. 47:1574, for the purpose of collecting from the defendant sales taxes alleged to have accrued for the period of January 1, 1948, through June 7, 1948. Under the prescribed procedure the Collector of Revenue for the State of Louisiana filed on' December 29, 1954, a rule upon the defendant', Abe Barro, to show cause on January 5, 1955, why he should not be condemned to pay taxes in the sum of $60. Attached to the complaint was a verified statement of the claim. The rule was not tried on the day so fixed, January 5th, but was by consent of both attorneys continued to be reset. The defendant on February 16, 1955, filed a plea of prescription of three years and an answer to the rule in the nature of a general denial. The rule was reset for May 8, 1958, when it came on for trial and was heard. Judgment was rendered in favor of plaintiff, the trial judge refusing to consider the defenses tendered. From this decree the defendant has appealed.
In brief before this court, counsel for the appellant earnestly contends the plea of prescription should be sustained, or, in the alternative, the case should be remanded so the defendant can be afforded an opportunity to present his evidence and defenses which were not considered by the trial court. Attached to appellant’s brief is an affidavit executed by one of the attorneys, setting forth reasons for the delay in not presenting his several defenses on or before January 5, 1955.
The record shows the rule was personally seryed on the defendant on December 31, 1954, and was returnable on January 5, 1955. This afforded the defendant sufficient time within which to im-plead his defenses, and was in strict compliance with paragraph No. (1) of LSA-R.S. 47:1574, which prescribes the return date fixed by the court shall be not less than two nor more than ten days after notice to the defendant. The statute (LSA-R.S. 47 ¡1574) regulating the procedure of which appellant complains, provides the proceedings of the State for the purpose of collecting its taxes may be brought in a summary proceeding and tried by preference in all courts of the State, in or out of term time, and at such time as may be fixed by the court for a hearing at not less than two nor more than ten days after notice to the defendant. It further requires all defenses, whether by exception or to the merits, must be presented at one time and filed prior to the time fixed for the hearing. Paragraph numbered (2) of the statute then includes the following directive:
“ * * * and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for1 legal grounds set forth in the Louisiana Code of Practice.”
Paragraph' (4) further states the affidavit of the Collector or authorized person, to the effect the facts contained therein are true, shall be accepted by the court as constituting a prima facie case and the burden of proof shall then rest wholly on the defendant.
In obedience to the legislative mandate to the judiciary, it has been held it is incumbent upon the defendant in such a proceeding to file all of his defenses prior to the time fixed for the original hearing, and upon failure of defendant to do so, the trial court cannot consider any defenses thereafter filed. See State v. Ernest M. Loeb Company, Inc., La.App.1942, 8 So.2d 739, and State v. Harrison Wholesale Liquors, Inc., La.App.1955, 80 So.2d 546. In State v. Ernest M. Loeb Company the defendant contended he had an agreement with counsel for the State to postpone the hearing, which, incidentally, is one of the contentions of appellant herein, but *837 the court there held such an agreement was not a continuance which would permit defendant to present defenses after the original return date had passed, since a continuance predisposes a joinder of issues. In State v. Harrison Wholesale Liquors, Inc., the court [80 So.2d 548], after quoting section (2) of LSA-R.S. 47:1574, said:
“This being a summary proceeding, the hearing of which was postponed on December 4th, 1953, and on December 18th, 1953, and finally heard on February 26, 1954, defendant was not entitled to interpose defenses beyond the original return date.”
In attaching to appellant’s brief an affidavit of an attorney, relating to an agreement between counsel, it should be recognized such evidence must be considered dehors the record. See Wenar v. Leon L. Schwartz, Ltd., 1906, 116 La. 151, 40 So. 599; Saenger Amusement Company, Inc., v. Masur, 1925, 158 La. 745, 104 So. 701; Merchants’ & Farmers’ Bank & Trust Company v. Hammond Motors Company, Inc., 1926, 161 La. 288, 108 So. 485; Whittington v. Heirs of Pegues, 1928, 165 La. 151, 115 So. 441; Greater New Orleans Homestead Ass’n v. Korner, 1930, 171 La. 587, 131 So. 680, reversed 14 La.App. 282, 128 So. 49; Wilson v. Wilson, 1944, 205 La. 196, 17 So.2d 249. We may also state if the affidavit is tendered whether as a defense or in support of one of the defenses filed by the defendant subsequent to the original return date, it must be governed by the rulings found in State v. Ernest M. Loeb Company, Inc., and State v. Harrison Wholesale Liquors, Inc., referred to hereinabove as prohibiting the filing of any such defenses subsequent to the original return date.
Counsel for appellant in brief has specifically requested that this court sustain the plea of prescription. We are cited to no authority which would justify us in concluding that the plea of prescription so filed after the original return date should not be governed by the provisions of Section (2) of LSA-R.S. 47:1574. It is our opinion that the plea of prescription must be determined as any other defense submitted by the defendant subsequent to the original return date.
There is no manifest error in the judgment from which appealed, and it is hereby affirmed at appellant’s cost.