CHASEZ, Judge.
This case began as a rule for taxes filed by St. John the Baptist Parish School Board (School Board), appellant herein, for the collection of sales and use taxes allegedly owed by Marbury-Pattillo Construction Co. Inc. (Marbury) and the South Louisiana Port Commission (Port Commission), appellees herein. The action was instituted by summary procedure pursuant to the au *389 thority granted to the Board by LSA-R.S. 33:2841, R.S. 47:1574, R.S. 13:5031-5034 and in accordance with an ordinance adopted at a meeting of the School Board on July 14, 1965 which essentially tracks the language of the mentioned statutes.
Marbury is a foreign corporation domiciled in the State of Alabama, duly qualified to do business in Louisiana. Marbury entered into a contract with the Port Commission in April of 1967 to construct a “terminal grain elevator, dock structure and related facilities” on property owned by the Port Commission at Reserve, Louisiana (in St. John the Baptist Parish). The contract price was originally $8,666,000.00, but was subject to six change orders which adjusted the contract price so that as of May 23, 1969 the total price was $8,-794,332.38.
The School Board made various requests of Marbury to register with the Parish for payment of sales and use taxes. Initially Marbury refused to register because it allegedly felt it was not subject to the taxes because a very large portion of the materials were brought into Louisiana from out of State, thus in interstate commerce.
A continuous effort by the School Board, with the assistance of the District Attorney, convinced Marbury that it was indeed subject to the taxes, at least to the use taxes. Marbury subsequently registered with the Parish in August of 1967 but for several months thereafter it reported no tax due on the monthly sales and use tax return. The Parish has further alleged that thereafter Marbury made grossly inadequate returns and refused to properly report the tax owed.
Marbury, on the other hand, alleged that at all times it properly and conscientiously reported all taxes due by it and faithfully supplied to the School Board the necessary information regarding the names of the involved sub-contractors. Marbury argued that it was responsible only for taxes incurred by it and that the subcontractors should pay the tax which they incurred. The School Board had alleged that Marbu-ry was responsible for the entire amount of tax due.
Because of Marbury’s allegedly uncooperative position and its failure to file returns in the initial months and its allegedly filing of grossly inadequate returns, the School Board estimated the amount of tax due as provided by Section 9.04 of the Ordinance and R.S. 47:307(A).
On April 30, 1969, the original petition of the School Board was filed and on that date an order was issued which ordered defendants to show cause on May 8, 1969 why they should not be compelled to pay the alleged taxes due which under the estimate amounted to $54,179.64, plus legal interest on $14,846.30 from date of judicial demand and 6% interest from April 20, 1969 on the amount of tax owed, plus 10% attorney’s fees on the entire amount.
Under LSA-R.S. 47:1574(2) and provisions of the Ordinance:
“All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Practice.”
On May 8, 1969, the original date set for the hearing, defendant, Marbury had filed no pleadings except a motion for continuance filed by counsel for Marbury who is a member of the State Legislature which was in session on that particular date. On that same day the Port Commission filed an answer to plaintiff’s petition and a third-party demand against Marbury.
Marbury filed an exception of no cause of action on May 13, 1969 and answered *390 the petition of plaintiff and the third-party-demand of the Port Commission on June 16, 1969.
On May 28, 1969 'there was a hearing limited to all exceptions filed by the litigants, some of which were overruled and some of which were referred to the merits. On June 26th and 30th, the hearing on the merits was held.
At both hearings counsel for the School Board strenuously argued that Marbury’s defenses and exceptions should have been filed by May 8, 1969 and since they were not so filed, under the statute none of the defenses could be considered.
The trial court overruled counsel for plaintiff and did consider the defenses and exceptions of Marbury. He reasoned that the court is denied the right to grant additional time to plead unless there is a continuance granted for “legal grounds” under the Code of Civil Procedure; that since defendant’s counsel was a member of the Legislature this was legal grounds and that when the trial court reset the date for hearing, then the defendant’s pleading could be filed prior to the new date because the new date was now the date set for hearing.
This court, however, does not hold the same appreciation of the statute as does the trial court. The sentence, “[t]his provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any Court to any defendant except for legal grounds set forth in the Louisiana Code of Practice” contains two separate and distinct ideas, namely, no extension of time to plead and, also, no continuance except for “legal grounds”. The granting of continuances in causes presupposes the joinder of issue. It is only after issue has been joined, i. e. all pleadings filed, and the setting of causes for trial that the granting of continuances may be made pursuant to the codal provisions.
Under the statute it is mandatory that all defenses be filed prior to the time set for hearing. If the pleadings are filed timely and it subsequently develops on the date set for hearing that defendant is entitled to a continuance on “legal grounds”, then the granting of the continuance is in order. But to say that the granting of a continuance extends the time in which to file pleadings would be directly contrary to the statute which says that no extension of time to plead shall be granted. In the Supreme Court case of State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601 (1938) the following situation occurred. When the case came on for hearing on February 26, 1937, a motion for a continuance was presented by the defendant, setting forth that the evidence of a number of witnesses who were nonresidents of the parish and whose attendance at the trial could not be compelled was material and necessary to the defense. Upon this showing, duly sworn to by counsel for the defendant, the court granted fourteen days to enable the defendant to obtain the evidence of its non-resident witnesses. The court stated that “it was well within its authority in granting this additional delay of fourteen days as the showing made by the defendant constitutes legal grounds set forth in the Code of Practice.” However, in that case the defendant, in response to the rule, and in conformity to the provisions of the statute under which the State brought the suit, filed all its pleadings at the same time, before the hour fixed for the return date.
There are numerous cases where the courts have refused to consider pleadings of defendants which were untimely filed, for example in cases where on the original return date the case was continued by mutual agreement of counsel for both parties. When pleadings were attempted to be filed at the later date set for the hearing they were refused. See State v. Ernest M. Loeb Co., La.App., 8 So.2d 739 (Orleans, 1942); State v. Harrison Wholesale Liquors, La.App., 80 So.2d 546 (Orleans, *391 1955); State v. Barro, La.App., 106 So.2d 835 (2nd Cir.1958).
It seems clear, then, that when the pleadings have been timely filed the court may grant a continuance for “legal grounds” to postpone the argument of the rule. However the court may not grant a continuance even for “legal grounds”, if the purpose of the continuance is to grant the defendant additional time in which to plead.
We must, therefore, rule that the trial court erred in allowing defendant, Marbury, additional time beyond the original return date in which to file its pleadings and that the defendant, Marbury, should not have been allowed to present defenses subsequent to the original return date.
Under R.S. 47:1574(4) and provisions of the ordinance is the following:
“(4) Whenever the pleadings filed on behalf of the state, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.”
In Fontenot v. Stinson, La.App., 84 So.2d 252 (2nd Cir.1955) the court held that in default of any evidence on behalf of defendant, the prima facie case made out by the state under the statutory provisions [R.S. 47:1574(4)] be accepted as conclusive.
The allegations in the petition in the present case were accompanied by the affidavit of the tax collector attesting to their validity, based on the estimate compiled by himself.
Ordinarily the case would be decided in favor of plaintiff as prayed for, in the instant case for some $54,179.64, plus the penalties and interest. LSA-R.S. 47:307 (A) and section 9.04 of the Ordinance provide that “[i]n the event any dealer fails to make a report and pay the tax as provided by this ordinance, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the Treasurer to make an estimate for the taxable period * * * which shall be considered prima facie correct.”
It goes without saying that the estimate when calculated by the taxing authority should be reasonable, as accurate as possible, and not arbitrary which we find not to be the case in the present situation. Marbury initially did not register with St. John the Baptist Parish because it felt that the goods and material it sent to Louisiana from Alabama were in interstate commerce and thus exempt from any local taxes. After being advised that it was subject to local taxes, it then registered as required. The job began in April of 1967 and Mar-bury registered in August of 1967. The job was not completed until approximately June of 1969. Failing to register for the initial four months of a two year job can hardly be said to be a failure to register for the taxable period. Since the taxable period was monthly, it seems that the estimate possibly should have been only for the four months that Marbury did not register.
The School Board has assigned as a second reason for estimating the tax was that Marbury, when it began making monthly returns, reported grossly incorrect reports. It was explained by Marbury long before suit was filed, that it felt it owed taxes incurred by it alone, and was not responsible for taxes incurred by its sub-contractors, which was a reasonable position to take.
However, since the record discloses that the School Board was justified in exercising the power to estimate the tax due *392 granted it under LSA-R.S. 47:307(A) and Section 4.09 of its ordinance, we shall examine the estimate made in order to ascertain whether it was reasonable and not arbitrary.
This court has reached the conclusion that an award in favor of plaintiff, as prayed for, in excess of $54,000.00 cannot be justified by the estimate of the School Board. We conclude this with the full realization that this tax legislation was adopted by the Legislature to provide a procedure to facilitate and expedite the determination and trial of all claims for taxes by the State or by one of its agencies. Matters involving the public fisc are of prime importance to the State. However, their importance should not be utilized as a weapon to exact a grossly unfair amount of tax from a taxpayer, especially when the amount of tax allegedly due is based on an estimate. The facts in this case warrant this court’s examination, not of any defenses untimely filed by Marbury, but of the method used by plaintiff in estimating the tax. This we will do by examining testimony elicited on behalf of the School Board and by examining defenses presented and testimony taken on behalf of the Port Commission which had timely filed its answer and third-party demand.
Mr. Joseph Zeringue, the Collector of sales tax for St. John the Baptist Parish School Board, testified as to the method by which he estimated the tax. He took the original contract price, $8,666,000.00, and added to that figure $500,000.00 for equipment on the job-site, such as bulldozers, cranes and the like. Since the tax is levied only on tangible personal property purchased, used or consumed in the parish, the entire amount of the contract price is not subject to the tax. The Collector divided the contract on the basis of 60% of the price for materials and 40% of the price for labor. This percentage breakdown was based on information received from the architect for the School Board and from the director of sales tax. The Board then applied the 1% tax to the 60% figure and the resulting tax due was $57,000.00. A credit was given for $17,996.51 taxes paid, which left a balance of $39,333.24. According to the Board, the interest owed was $3,386.09; negligence penalty was $1,966.63; late penalty of $9,833.35 for a total of $54,519.-31. A final credit of $339.67 for overpayment in February, 1969 was applied, leaving a final balance due of $54,179.64. No allowance was made in the total contract price for items of profit, overhead expense and other administrative costs normally attendant to a construction job of this size.
The court finds as arbitrary and unreasonable the failure of the Board to allow a deduction of profit and overhead from the contract price before making the 60-40 breakdown for materials and labor. The court further can find no justification to allow the addition of $500,000.00 to the contract price for equipment on the site at the beginning of the job.
This court will therefore recalculate the estimate of the tax due to this date. The final contract price, including the change orders, was $8,794,332.38. It is common knowledge that the full contract price is not devoted solely to labor and materials but that other expenses and costs should be deducted. Therefore, based on the evidence, this court will allow 20% as an allowance for profit and overhead. This deduction is in the amount of $1,758,866.48, leaving a net amount of $7,035,465.90. Applying the 6CM-0 formula, 60% of the net figure is $4,221,279.54. The 1% tax due on this figure is $42,212.79. The Collector further testified that through the date of trial credit would be given to Mar-bury for taxes paid and to sub-contractors for taxes paid in the amount of $29,874.98, leaving a balance of delinquent tax due in the amount of $12,337.61.
Marbury alone is responsible for paying this tax rather than sharing it with the sub-contractors because one of the terms of the contract between it and the Port Commission was that the “Contract Price shall include all costs incurred for *393 Social Security, Unemployment, Sales, Use, and all other taxes applicable to the work described herein, or upon profit made therefrom.” (emphasis supplied).
In the absence of the contractual agreement the sub-contractors would be liable under the ordinance for their share of the taxes. Sub-contractors are dealers within the meaning of the ordinance. Dealers are required to remit the tax to the School Board, but there is nothing in the ordinance to require one dealer (Mar-bury) to collect the tax from another dealer (sub-contractors) and remit this tax to the School Board.
Neither is the Port Commission liable for the tax. The Port Commission was made a party defendant on grounds that it had possession of tangible personal property which it was holding for use. While the broad definition of dealer in Section 1.04(4) of the ordinance seems to make every purchaser a dealer, the provisions of sections 1.14 and 4.09 of the ordinance should govern the status of the Port Commission. Section 1.14 defines a purchaser as one who acquires or receives any tangible personal property or its use. Under this section the Port Commission is clearly a purchaser and not a dealer. Section 4.09 of the ordinance provides that, “When the purchaser has failed to pay the tax and a dealer has failed to collect the tax upon a sale * * * such tax shall be payable by the purchaser * * *” Under the provision of the contract mentioned above whereby Marbury agreed to pay all taxes, coupled with the fact that the Port Commission has accepted the contract and paid the price to Marbury (except for a 10% retainage held until minor corrections are made) it seems clear that the Port Commission is not responsible for the delinquent tax.
Turning next to penalties under the ordinance, this court will not impose a penalty on Marbury. Courts are loath to impose statutory penalties and will refrain from doing so where there is evidence of good faith and a substantial effort of a party to perform its obligations in an expeditious, proper and equitable manner. French v. Detroit Fire & Marine Ins. Co., La.App., 38 So.2d 165 (2nd Cir. 1948).
As previously stated, Marbury did not register initially with the School Board due to a misunderstanding between it and the District Attorney’s office in St. John the Baptist Parish in which Marbury genuinely believed that its goods were exempt from tax because they travelled in interstate commerce. After it registered, it complied with the ordinance and paid taxes it incurred as they accrued. Also, as previously stated, in the absence of the contractual agreement, the sub-contractors would be liable for approximately half the taxes due because they failed to collect and remit the taxes resulting from their transactions. This court will not assess penalties against Marbury for taxes which would ordinarily be owed by the sub-contractors. Marbury is responsible for the entire delinquent tax only because of its contractual agreement.
The ordinance provides for interest on delinquent taxes at the rate of 6% per annum from the month due. Since it is safe to assume that the entire delinquent tax was not incurred in any one month the tax will be spread over the 24 month contract period for purposes of calculating interest due. Under the Amortization Tables with a total pay-out of $12,337.61 at 6% over a 24 month period, the resultant interest is $786.00.
Finally, the ordinance provides for attorney’s fees in the amount of 10% of the aggregate of tax, interest and penalty. Accordingly, attorney’s fees in the amount of $1312.36 will be awarded.
For the reasons herein stated, the judgment of the trial court dismissing all demands against South Louisiana Port Commission and granting judgment in favor of St. John the Baptist School Board and *394 against Marbury-Pattillo Construction Company, Inc. in the amount of $12,338.00 as delinquent taxes, $786.00 as interest and $1312.00 as attorney’s fees is amended to read $12,337.61 as delinquent taxes, $786.00 as penalties and $1312.36 as attorney’s fees, together with legal interest thereon from date of judicial demand until paid and all costs, and as amended, is affirmed. Costs of this appeal are assessed to appellant.
Amended, and as amended, affirmed.